PER CURIAM.
The judgment of the Board of Governors of The Florida Bar, entered in this disciplinary matter on November 26, 1969, was filed in this court December 2, 1969 together with the record, evidence and all proceedings held theretofore. Upon petition for review filed by the respondent this court heard oral argument of the parties.
The report and order of the Board of Governors is as follows:—
“This cause came on for review by the Board of Governors of The Florida Bar upon the report of its referee. The referee found that respondent had failed to file certain income tax returns; that he failed to pay some $85,000 in income taxes; that he was convicted upon his plea of guilty to the charge of failure to file tax returns (U.S.C. see 7203) and that he was sentenced to prison because of said crimes.
“The respondent pled guilty and the referee received evidence in mitigation of punishment. The Board is aware of respondent’s record of service to church and country and his generally favorable reputation, except for this criminal conviction. The referee recommended a private reprimand and a period of probation upon stated conditions.
“This Board finds that a prolonged and knowing course of illegal conduct such as this is deserving of a more severe sanction. Accordingly, it concurs in the referee’s findings of guilt and directs that respondent be suspended from the practice of law for six months from the effective date of this judgment and thereafter until payment of costs herein in the amount of $45.08.”
The recommendation of discipline by the referee is as follows:—
“It is recommended that the respondent be administered a private reprimand in accordance with Rule 11.07(1) of the Integration Rule [32 F.S.A.], and that he be placed upon probation for a period of one year to commence as of November 1, 1969; that the condition of the probation include that he file a report with The Florida Bar on April 15, 1970, that he has filed his income tax return for the previous year and that he has paid all income taxes due the Federal Government thereon and that he report monthly to The Florida Bar during the period of probation the amounts he has paid during the previous month to the Federal Government on the income tax, penalties and interest due the Federal Government for the years 1964 and 1965 and the balance owed thereon after such payments based upon his agreement with the Federal Government providing for the payment thereof.”
We have carefully reviewed the record, briefs and reports and have heard the arguments in open court and conclude that the punishment recommended by the Referee, who heard the testimony and examined all of the evidence, is more appropriate in this proceedings. Cf. The Florida Bar v. Rousseau, 219 So.2d 682 (Fla.1969). Respondent pled guilty and was convicted of two separate misdemeanors under Title 26, Section 7203, United States Code, for failure to file his own federal income tax return. The complaint and record show no other crime or unethical' conduct was involved and respondent has served a sentence in the federal prison for these misdemeanors. We feel that it would serve no useful purpose to further punish respondent by his suspension from the practice of law or to subject him to further reprimand, therefore it is
Ordered that respondent be placed upon probation for a period of one year from date hereof, and the publication of this *9 opinion shall be deemed to be. sufficient reprimand; further that respondent make reports as hereinabove recommended by the Referee; and pay the costs of these proceedings.
It is so ordered.
ERVIN, C. J., and ROBERTS and CARLTON, JJ., concur.
DREW, J., concurs specially with opinion.
THORNAL, J., dissents with opinion.