PER CURIAM.
In this Bar discipline case, we have for review on petition of The Florida Bar, a recommendation of a one-year suspension arising from a finding of improper conduct on the part of respondent, George W. Provost.
Provost was found guilty by the referee of misuse of the funds of an escrow account which he established with the proceeds of a real estate transaction to accomplish the paying off of an existing mortgage. Provost admitted that he had used part of the over $4,000.00 held in escrow for his own purposes, but the record shows that the mortgage was paid in full by Provost four months after the closing.
The referee found Provost not guilty of two other charges raised in the complaint against him, and the Bar does not dispute those findings. Provost does not protest the finding of guilt on the one count. Neither Provost nor the Bar protests the one-year suspension, and after a complete review of the record, we believe the recommendation of a one-year suspension is proper.
The one issue raised by the Bar is the absence of a requirement of proof of rehabilitation prior to Provost’s reinstatement in the Bar. Art. XI, Rule 11.10(3), Integration Rule of The Florida Bar, 32 F.S.A., has been amended effective December 1, 1972, to require that proof of rehabilitation be mandatory with any suspension of three months or more. As the order of discipline by this Court is being rendered subsequent to December 1, 1972, the requirement of proof of rehabilitation automatically attaches.
It is, therefore, ordered and adjudged that the respondent, George W. Provost, be suspended from the practice of law for a period of one year with proof of rehabilitation being required, and that he pay the costs of these proceedings in the amount of $62.00.
And it is further ordered that if Provost files his petition for reinstatement with the Bar at least three months prior to the run *226 ning of his suspension, the Bar must make its objections to such reinstatement known to this Court prior to the running of the suspension period.
It is so ordered.
CARLTON, C. J., and ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.