323 So.2d 578 (1975)
THE FLORIDA BAR, Complainant,
v.
George W. PROVOST, Respondent.
No. 46896.
Supreme Court of Florida.
November 19, 1975.
Burl F. George, Bar Counsel, Fort Lauderdale, for complainant.
PER CURIAM.
This is a disciplinary proceeding brought by The Florida Bar against the respondent, George W. Provost. The respondent did not file a petition for review. The Referee found the respondent had breached his ethical duties by failing to properly represent and protect the interests of his clients.
The Referee found (1) that the respondent had negligently and incompetently failed to protect a client's secured claim in *579 a bankruptcy matter after receiving a retainer therefor, and further falsely advised his client concerning his nonaction; (2) that the respondent failed to complete the representation of a client in a child support matter for which he had received a fee by failing to prepare and submit an order of support pursuant to the directions of the trial judge, and further that he failed to withdraw from employment after he knew he was required to do so; (3) that the respondent negligently failed to complete the administration of two estates and failed to comply with court orders pertaining thereto.
The Referee found that such conduct was in violation of the following disciplinary rules of the Code of Professional Responsibility: DR 1-102(A)(4) and (A)(5); DR 2-110(A) (2), (A) (3) and (B) (2); DR 6-101(A)(1), (A)(2), and (A)(3); and DR 7-101(A)(1), (A)(2), and (A)(3).
The prior disciplinary history of the respondent reflects that he received a private reprimand on March 20, 1964, and was suspended from the practice of law for one year on March 23, 1973. The Florida Bar v. Provost, 275 So.2d 225 (Fla. 1973).
The Referee recommended that the respondent be suspended from the practice of law for a period of three years with proof of rehabilitation being required, and that he pay the costs of these proceedings.
We have reviewed the record in the proceeding before us. We approve the findings and recommendation of the Referee, and it is ordered that the respondent be suspended from the practice of law for a period of three years and thereafter until he establishes proof of his rehabilitation.
Execution is directed to issue for the costs of these proceedings against the respondent in the amount of $499.58.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON and ENGLAND, JJ., concur.