PER CURIAM.
The referee, in a disciplinary action, found Mr. Pincus, a member of The Florida Bar, guilty of unethical conduct on three occasions, violating at various times Disciplinary Rules 6-101 (A) (1)—(3), 7-101 (A) and 9-102(B)(4). Specifically, the referee found that Mr. Pincus neglected the interests of certain clients seeking discharge in bankruptcy; that as a result the referee in bankruptcy entered an order to show cause why the clients should not be deemed to have waived discharge; that Mr. Pincus failed to appear at the hearing set in the order to show cause, or otherwise respond to the order; and that the bankruptcy referee in fact entered an order disallowing Mr. Pincus’ clients’ discharge in bankruptcy.
In a separate case, Mr. Pincus undertook to represent a defendant in a civil suit, the *30 referee found, with the result that a default judgment was taken against Mr. Pincus’ client, on account of his attorney’s neglect. Finally, the referee found that the holder of a promissory note in default engaged Mr. Pincus to collect on the note; and when, after four years elapsed without Mr. Pincus’ filing suit, the holder of the note asked Mr. Pincus to return the note and other papers, Mr. Pincus refused to do so.
As disciplinary measures, the referee recommended “that the Respondent be suspended for a period of one year [during which] ... he shall prove his rehabilitation and ... be required to take a course in legal ethics . . .” and that costs be taxed against Mr. Pincus. Costs amount to $881.18. Pursuant to Rule 11.-09(3) (f), Art. XI, Integration Rule, no review having been sought of the referee’s report, the respondent is suspended from the practice of law, on the terms recommended by the referee, and costs of these proceedings are taxed against him.
It is so ordered.
ADKINS, C. J., and ROBERTS, OVERTON and HATCHETT, JJ., concur.
BOYD, J., dissents.