PER CURIAM.
This is a disciplinary action brought by The Florida Bar against one of its members, Joseph C. Valantiejus. Our jurisdiction is authorized by Article V, Section 15, Florida Constitution.
The Florida Bar filed its Complaint in March, 1975, charging Valantiejus with (1) failure to properly perform his duties as a guardian, (2) failure to promptly handle clients’ business, and (3) failure to fully advise a judicial officer, when questioned, regarding his delay in bringing these legal matters to a close.
The Florida Bar, through its Referee, had great difficulty advising Respondent of the charges against him. On several occasions, judicial officers either telephoned or wrote Valantiejus concerning the matters here under consideration. In spite of mailings to both his business and home addresses, the respondent failed to answer. This court ordered its Clerk to have a copy of the charges and Referee’s Report served upon the respondent by mail. On November 21, 1977, the respondent received a copy of the charges, Referee’s Report (with recommendations), and a letter from this court advising him that he could reply within 15 days. No response has been filed.
Without a detailed account of the evidence, it is sufficient to state that the record proves by clear and convincing evidence that Valantiejus failed to perform his duties as a guardian, that he consistently ignored the ward’s needs, and ignored the pleas of other parties to take immediate action. The pleas by non-parties included a direct conversation in which a circuit judge urged Valantiejus to take speedy action. In nine other cases the pattern was the same. Although urged to do so by the parties and other interested persons, he failed to properly perform. We find the evidence sufficient (clear and convincing) to show a violation of the Code of Professional Conduct as charged in Counts I and II of the Bar’s complaint. The Florida Bar v. Rayman, 238 So.2d 594 (Fla.1970), and The Florida Bar v. Wagner, 212 So.2d 770 (Fla. 1968).
The Referee found that there was insufficient evidence to sustain the Bar’s charges in Count III of the complaint, that respondent made an intentionally false or incomplete statement to a judicial officer. We also find the evidence insufficient on this point.
The respondent is guilty as charged by the Bar’s Complaint in Counts I and II thereof in that he did violate Disciplinary Rules 1 — 102(A)(5), 1-102(A)(6), and 6-101(A)(3).
Accordingly, Joseph C. Valantiejus is suspended from the practice of law in the State of Florida for a period of twelve months, beginning February 9, and thereafter until he shall prove his rehabilitation and pay the costs of these proceedings in the sum of $358.60.
It is so ordered.
ADKINS, Acting C. J., and BOYD, ENGLAND, HATCHETT and KARL, JJ., concur.