406 So.2d 1100 (1981)
THE FLORIDA BAR, Complainant,
v.
Peter M. LOPEZ, Respondent.
No. 57904.
Supreme Court of Florida.
November 25, 1981.
Rehearing Denied February 15, 1982.
*1101 John F. Harkness, Jr., Executive Director, Stanley A. Spring, Staff Counsel and Anita F. Dahlquist, Asst. Staff Counsel, Tallahassee, and Paul A. Gross, Branch Staff Counsel, and Wallace N. Maer and Scott K. Tozian, Bar Counsels, Miami, for complainant.
Elliott Harris of Lopez & Harris, Miami, Everett P. Anderson of Pennington, Wilkinson, Gary & Dunlap, and Richard W. Ervin and Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint of The Florida Bar, the report of a referee, and respondent's petition for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint alleging that Peter M. Lopez, a member of The Florida Bar, urged two parties he was suing on behalf of his client to change their future testimony in exchange for general releases from prosecution. After a hearing, the appointed referee filed a report containing the following findings of fact:
That on February 6, 1978, following the termination of a deposition taken by Respondent Lopez in his office located at 28 West Flagler Street, Miami, in a case then pending in the United States District Court, Southern District of Florida, styled "Rafael Gonzalez-Perez v. Sun Bank of Miami, et al." Case No. 77-2225, wherein Respondent represented the Plaintiff, Respondent requested the individual defendants, to wit, J. Zambrana, Humberto Martinez-Marquez, and their counsel, Mark Dienstag, Esq. to remain in the room so that Respondent could speak to them.
Messrs. Zambrana, Martinez-Marquez and attorney Dienstag remained along with Respondent and a discussion of the testimony previously given by the witness, Defendant Jose Roses, occurred.
A key issue in the case was whether Plaintiff had given instruction to Defendant Zambrana to deliver a certain $25,000 cashier's check to Defendant Sun Bank or to put the check on an Aerocondor flight to South America for delivery to Plaintiff. If the latter, a better case against Sun Bank would be made. The witness, Roses, however testified that his instructions were to deliver the check to the Bank.
During that discussion, Respondent stated to those present in the room that [meaning the testimony as given by Roses] was "not what I want to hear; that if you say the check was to go to Aerocondor I'll get you off the hook".
The words and statement uttered by the Respondent were susceptible of no other reasonable interpretation than to mean that if defendants Zambrana and Martinez testified that the instructions were for delivery of the check to Aerocondor, that in exchange for such testimony, he, Respondent Lopez as counsel for plaintiff, would drop those defendants from the suit and proceed against the other defendant, Sun Bank of Miami.
Respondent's statements were partially in English and partially in Spanish and the evidence is at variance as to whether the exact words uttered by Respondent were in English or Spanish; however, there is no issue as to the meaning of the words as heard by the three individuals.

*1102 The witnesses, Zambrana, Martinez-Marquez and their attorney, Mark Dienstag, are credible and their testimony is credible and worthy of belief.
The only conclusion that can reasonably be drawn is that Respondent Lopez was soliciting testimony he knew the witnesses did not believe to be true in exchange for a release of the witnesses from the suit.
The referee then made the following recommendations:
I recommend that the Respondent be found guilty and specifically that he be found guilty of the following violations of his Oath as an attorney, The Integration Rules of The Florida Bar and Disciplinary Rules of the Code of Professional Responsibility, to wit:
Rule 11.01 of the Integration Rule and Disciplinary Rules 1-102A(3), 1-102A(4), 1-102A(5), 1-102A(6), 7-102A(6) and 7-102A(8) of the Code of Professional Responsibility, in that Respondent was urging parties and/or witnesses to testify under oath to matters which Respondent knew, or should have known, that the said witnesses did not believe and which were false.
I recommend that the Respondent be suspended from the practice of law for a period of three months with automatic reinstatement at the end of the three month period of suspension as provided in Rule 11.10(3).
Mr. Lopez has taken exception with the referee's report contending that he is not guilty of the infractions charged and that the evidence is insufficient to support any finding to the contrary.
A referee's "findings should be upheld unless clearly erroneous or lacking in evidentiary support." The Florida Bar v. McCain, 361 So.2d 700, 706 (Fla. 1978); The Florida Bar v. Wagner, 212 So.2d 770, 772 (Fla. 1968). Here, based on the evidence presented, the referee found that respondent had violated his ethical and professional responsibilities. This conclusion is corroborated by each of the four witnesses' testimony and is reasonable. The evidence presented meets the burden placed on complainant to provide clear and convincing proof of respondent's misconduct. The Florida Bar v. Valantiejus, 355 So.2d 425 (Fla. 1978); The Florida Bar v. Quick, 279 So.2d 4 (Fla. 1973); The Florida Bar v. Schonbrun, 257 So.2d 6 (Fla. 1971); The Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970). We therefore affirm the referee's finding that respondent violated his attorney's oath, the Integration Rule, and the Code of Professional Responsibility.
We cannot agree, however, with the referee's recommended three-month suspension with automatic reinstatement at the end of that time. Mr. Lopez has committed a serious violation of his responsibilities as a member of the Florida Bar. We feel that a three-month suspension is insufficient to impress on the respondent, the bar, and the public our dissatisfaction with and distress over his conduct. If Mr. Lopez had been convicted in a court of this state of tampering with a witness, he would have been subject to a one-year term of imprisonment.[*] Using the witness-tampering statute as a guideline, we find a one-year suspension appropriate in this case.
Peter M. Lopez is suspended from the practice of law for one year, effective thirty days from the date of the filing of this opinion, and thereafter until he shall show his rehabilitation through complying with rule 11.11 of the Integration Rule and by obtaining a passing score on the ethics portion of the bar examination. Costs in the amount of $949.00 are hereby taxed against respondent.
It is so ordered.
SUNDBERG, C.J., and OVERTON, ALDERMAN and McDONALD, JJ., concur.
ADKINS and BOYD, JJ., dissent.
NOTES
[*] § 918.14(2), Fla. Stat. (1977). Inducement not involving force, deception, threat, or offer of pecuniary benefit is a first-degree misdemeanor.