463 So.2d 213 (1985)
THE FLORIDA BAR, Complainant,
v.
John Montgomery GREENE, Respondent.
No. 64,091.
Supreme Court of Florida.
January 31, 1985.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
John Montgomery Greene, in pro. per., Ocala, for respondent.
PER CURIAM.
This attorney-discipline proceeding is before us on the report of the referee and the petition of The Florida Bar for review of the referee's recommended punishment. We have jurisdiction. Art. V, § 15, Fla. Const.
This proceeding arises from respondent's handling of a real estate transaction. In preparing the deeds, respondent made an error in the description of the property, which was discovered by his client two years later. Respondent was notified and, after several requests, failed to correct the mistakes which remained uncorrected as of the time of the referee's hearing. Respondent also failed to prorate his client's 1980 tax bill with respect to several lots that had been conveyed in 1980 and failed to respond to the client's request for proration. In addition, respondent overcharged the client the sum of $300 for services rendered in a mortgage foreclosure action.
The referee recommended that respondent be found guilty of violating Disciplinary *214 Rule 1-102(A)(6) of The Florida Bar Code of Professional Responsibility (for conduct adversely reflecting on his fitness to practice law) and Disciplinary Rule 6-101(A)(3) (for neglecting a legal matter entrusted to him).
In determining the appropriate discipline, the referee considered respondent's prior disciplinary history of a public reprimand and one year of probation for two misdemeanor income tax convictions in 1970, The Florida Bar v. Greene, 235 So.2d 7 (Fla. 1970), and a private reprimand for neglect in 1980. The referee recommended (1) that respondent receive a public reprimand and one year of probation with quarterly caseload reports to be submitted to The Florida Bar; (2) that respondent refund, within thirty days, the amount he overcharged his client and compensate her for the failure to prorate the 1980 taxes in the amount of $30; (3) that respondent prepare and record all necessary corrective deeds to clear title to the lands in question; (4) that respondent pay the costs of the disciplinary proceeding; and (5) if respondent fails to timely comply with the terms of the punishment, that he should be suspended from the practice of law for a period of ninety days.
The Florida Bar requests that this Court approve the punishment with the exception of the public reprimand, seeking instead a suspension for a period of at least ninety days. The Bar argues that, in view of respondent's prior disciplinary history, a public reprimand is not sufficient discipline.
We accept the referee's findings of fact and recommendations as to guilt, and we approve the recommended discipline.
Accordingly, respondent is found guilty of violating Disciplinary Rules 1-102(A)(6) and 6-101(A)(3). The publication of this opinion in Southern Reporter shall constitute the public reprimand. Respondent is placed on one year of bar-supervised probation, during which time he shall submit quarterly caseload reports to The Florida Bar. In addition, respondent shall refund the amount overcharged his client; compensate her for the failure to prorate her taxes; prepare and record all necessary corrective deeds to clear title to the lands in question; and pay the costs of this proceeding in the amount of $539.40. Judgment is entered against the respondent in the amount of $539.40, for which let execution issue. The respondent's failure to comply with all of these conditions within thirty days from this date shall result in his immediate suspension from The Florida Bar for ninety days.
It is so ordered:
BOYD, C.J., and ADKINS, McDONALD and SHAW, JJ., concur.
OVERTON, J., dissents with an opinion, in which ALDERMAN and EHRLICH, JJ., concur.
OVERTON, Justice, dissenting.
I disagree with the discipline imposed. I fully agree with the Bar that, given this respondent's prior disciplinary history, a public reprimand is insufficient punishment for these violations. Respondent's misconduct, when viewed in conjunction with his disciplinary history, clearly requires a 90-day suspension from the practice of law. See The Florida Bar v. Hunt, 417 So.2d 967 (Fla. 1982); The Florida Bar v. Valantiejus, 355 So.2d 425 (Fla. 1978). I also believe that a three-year probationary period should be imposed after the respondent is reinstated.
ALDERMAN and EHRLICH, JJ., concur.