PER CURIAM.
This cause is before the Court for consideration of the findings and recommendations set forth in a referee’s report. Respondent attorney Marvin S. Davis has filed a petition for review. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made factual findings that respondent was agitated, abusive, and under the influence of alcohol while attending to legal matters for a client in the office of a circuit judge. Upon order of the judge, respondent was given two breathalyzer tests, which showed his blood alcohol level to be .110 and .098 respectively. The referee’s report further reflects that, prior to this incident, respondent had attended a separate pretrial conference before the same judge under the influence of alcohol. After the circuit judge suggested that respondent be evaluated for substance abuse, respondent at first cooperated, but then refused to participate in an intensive 96-hour inpatient evaluation recommended by a substance-abuse counselor.
Upon these findings, the referee determined that respondent had violated the following Disciplinary Rules of The Florida Bar’s Code of Professional Responsibility: 1-102(A)(5) for conduct prejudicial to the administration of justice, and 1-102(A)(6) for misconduct adversely reflecting on his fitness to practice law.
The referee recommended that respondent be publicly reprimanded, that he be required to pay all costs, and that he be placed on probation for a period of two years with the condition that he be evaluated for substance abuse and, if necessary, to undergo treatment for same.
Respondent challenges both the findings of the referee and his recommendation. First, he argues in the abstract that the breathalyzer tests may have been inaccurate and states that he “is at a complete loss to explain the ... results” of those tests. Respondent further avers that his assistant, his juvenile-client and her two parents testified that he was not “drunk” at the latter of the two court appearances cited by the referee.
We find that this argument at best only establishes a conflict in the testimony that the referee, as finder of fact, has discretion to resolve. It is well settled that a referee’s findings will be upheld unless they are clearly erroneous or without support in the evidence. The Florida Bar v. Carter, 410 So.2d 920, 922 (Fla.1982); The Florida Bar v. Lopez, 406 So.2d 1100, 1102 (Fla.1981); The Florida Bar v. Stillman, 401 So.2d 1306, 1307 (Fla.1981); The Florida Bar v. McCain, 361 So.2d 700, 706 (Fla.1978). There is substantial record support for the referee’s findings, and we thus will not disturb them.
Second, respondent argues that the recommended discipline is too severe. We cannot agree. This record reflects that respondent on two occasions appeared in court under the influence of alcohol. The fact that he may not have been legally “drunk” is not dispositive of the ethical issue involved here. Appearing in court *570 and representing clients while under the influence of alcohol or drugs merit a public reprimand, which we impose by publication of this opinion. Furthermore, we approve the referee’s recommendation that respondent be placed on probation for two years, beginning from the date of this opinion, with the condition:
That Respondent shall immediately submit to evaluation by Executive Director, Charles Hagan, Jr., Florida Lawyers Assistance, Inc., and that should Director Hagan determine that a treatment and recovery program is indicated as a result of that evaluation that Respondent be required to comply with all provisions of any such program determined and recommended by said Charles Hagan. That said evaluation and treatment program shall be approved by The Florida Bar.
Judgment for costs is entered against respondent in the amount of $2,442.39, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.