PER CURIAM.
The Florida Bar petitions for review of a referee’s recommendation that Childers be suspended from the practice of law for ninety days. We have jurisdiction. Art. V, § 15, Fla.Const. We approve the referee’s report and recommendations.
The bar filed a complaint against Child-ers for depositing a $950 check made out to her, but belonging to her law firm, in her *618 personal savings account. After hearing the matter, the referee recommends both that Childers be found guilty of handling this check improperly and that she be suspended for ninety days. The bar, on the other hand, argues that Childers should be suspended for three years.
As the bar points out, diverting a firm’s funds is a serious professional violation. The referee acknowledged this principle and, in light of the mitigating evidence presented on Childers’ behalf, found a ninety-day suspension warranted. After studying this record, we agree with the referee’s recommendations. Childers acknowledged her error and cooperated fully in these proceedings. This is her first offense, for which she expressed remorse, and she presented testimonials from several people who found her action in this instance totally out of character and a one-time unexplainable aberration. Neither her former firm nor any of its clients suffered any harm from this incident, and, as the referee pointed out, the only person hurt by her conduct was Childers, herself.
Therefore, we hereby suspend Frances S. Childers from the practice of law for a period of ninety days. Childers is employed by a state agency, and her suspension will be effective thirty days from the date this opinion is filed to provide for the orderly reassignment of her duties. Judgment for costs of $1,309.18 is hereby entered against Childers, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, barkett, grimes, KOGAN and HARDING, JJ., concur.