624 So.2d 259 (1993)
THE FLORIDA BAR, Complainant,
v.
George H. CARSWELL, Jr., Respondent.
No. 78242.
Supreme Court of Florida.
September 23, 1993.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and James N. Watson, Jr., Bar Counsel, Tallahassee, for complainant.
John A. Weiss, Tallahassee, for respondent.
PER CURIAM.
The Florida Bar petitions for review of a referee's recommended sanction that the Respondent, George H. Carswell, Jr. (Carswell), be suspended from the practice of law for ninety days with automatic reinstatement at the end of the suspension period. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The events giving rise to this disciplinary action were stipulated by the parties and accepted by the referee. Carswell was a candidate in the 1988 election for county judge in Jefferson County, Florida. During the campaign, Carswell approached Mike Matthews, a resident of Jefferson County, about registering to vote for the upcoming election. Carswell met Matthews at his place of employment with a blank registration form, completed the form for Matthews, and had Matthews sign the form. Later, Carswell turned in the completed form to the Deputy Supervisor of Elections, Israel Lawrence, at Lawrence's Grocery Store in Lloyd, Florida. Lawrence, as the administering official, processed the form and swore that Matthews had signed the form at his designated place of registration, in Lawrence's presence. However, section 98.111(3), Florida Statutes (1987), has two requirements: First, a voter registration applicant must swear before an elections official that the information on the form is true and, second, the administering official must attest to the applicant's signature. After turning in Matthews' registration form, Carswell learned that the Florida Department of Law Enforcement (FDLE) was investigating possible voter registration violations in Jefferson County.
In response to several phone calls from Matthews, Carswell made arrangements for a meeting at Matthews' residence. Without Carswell's knowledge, Matthews wore a police body transmitter during the meeting and the police recorded their conversation. Carswell instructed Matthews to tell the FDLE investigators that he had registered to vote at Lawrence's Grocery Store and that *260 Carswell had only given Matthews a ride to the store and helped him fill out the form. Carswell told Matthews that unless Matthews adhered to the false account Carswell would tell the FDLE investigators that Matthews was lying.
Based on his conversation with Matthews, Carswell was charged with the misdemeanor of tampering with a witness. He pleaded nolo contendere to the misdemeanor charge of tampering with a witness, in violation of section 914.22(2)(a), Florida Statutes (Supp. 1988). The court withheld adjudication of guilt and did not order probation or community control. Carswell paid $50 in court costs.
The Florida Bar's complaint alleged that Carswell violated the following Rules Regulating the Florida Bar: Rule 3-4.3 (the commission by a lawyer of any act which is unlawful or contrary to honesty and justice); Rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 4-8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).
The referee recommended that this Court find Carswell guilty of the alleged violations and suspend him for ninety days with automatic reinstatement. In recommending this discipline, the referee stated, "I am well satisfied that the violations complained of constitute a one-time departure from what has otherwise been demonstrated to be a career of exemplary professional conduct." The referee further stated that Carswell "appears ... to be a competent, trustworthy and ethical practitioner with a deep sense of commitment to the members of his community." The referee added that "any aggravating circumstances which may exist are far outweighed by the elements of mitigation." The referee noted the following mitigating circumstances: a cooperative and remorseful attitude during the proceedings; Carswell's uncompromised reputation for honesty, integrity, and fair dealing; and the legal community's high degree of confidence in Carswell's professional ability and integrity.
A referee's findings of fact and recommendations carry a presumption of correctness which should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). However, this Court has long held that a bar disciplinary action must serve three purposes: The judgment must be fair to society, must be fair to the attorney, and must sufficiently deter other attorneys from similar misconduct. See, e.g., The Fla. Bar v. Poplack, 599 So.2d 116, 118 (Fla. 1992); The Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla. 1983); The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970). While the recommended ninety-day suspension may be sufficient to satisfy the first two purposes, it is wholly insufficient to deter others who may be tempted to tamper with witnesses by inducing them to lie to law enforcement officers in an investigation.
Carswell argues that the recommended ninety-day suspension is appropriate because this isolated act of misconduct was totally out of character and perpetrated during an intense, emotional time. Carswell relies on this Court's holdings in Poplack, 599 So.2d 116, and The Florida Bar v. Childers, 582 So.2d 617 (Fla. 1991). Poplack, who also had a good professional reputation, was given a thirty-day suspension for an isolated incident of lying to a police officer. Poplack, 599 So.2d at 117-19. Additionally, Childers received a ninety-day suspension for the one-time act of misappropriating funds from her firm when she deposited in her personal savings account a check that belonged to the firm. Childers, 582 So.2d at 618.
Although Carswell's misconduct in the instant case was an isolated incident that appears to be totally out of character for him, Carswell's conduct is more egregious than either Poplack's or Childer's. Carswell was running for judicial office, a position of high trust. Carswell recognized the difficulty created by the voter registration episode, yet still attempted to get Matthews to lie, even threatening Matthews if he did not lie. Carswell's conduct was calculated and intentional, and deserving of a greater suspension than ninety days as recommended by the referee.
*261 The Florida Bar argues that Carswell should be suspended for one year. However, we find that a 180-day suspension is appropriate when the mitigating circumstances are balanced against the severity of the violations. In the past, we have used the witness-tampering statute as a guideline to determine the appropriate length of an attorney's suspension. The Fla. Bar v. Lopez, 406 So.2d 1100, 1102 (Fla. 1981). In Lopez, we decided that had Lopez been convicted of witness tampering he would have been subject to a one-year term of imprisonment. Id. Therefore, we found that a one-year term of suspension was the appropriate discipline. Id. In the instant case, Carswell pleaded nolo contendere to the misdemeanor charge of tampering with a witness, which is punishable by a term of imprisonment not exceeding one year. Under the reasoning of Lopez, the one-year suspension requested by the Bar would be an appropriate length. However, as provided by the Florida Standards for Imposing Lawyer Sanctions, the mitigating factors cited by the referee "justify a reduction in the degree of discipline to be imposed." Fla.Stds. for Imposing Law. Sancs. 9.31. Therefore, we suspend Carswell for the term of 180 days instead of one year.
George H. Carswell, Jr. is suspended from the practice of law for 180 days. The suspension will be effective thirty days from the filing of this opinion so Carswell can close out his practice and protect the interest of existing clients. If Carswell notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Carswell shall accept no new business from the date this opinion is filed. Judgment is entered against Carswell for costs in the amount of $1,409.95, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.