641 So.2d 399 (1994)
THE FLORIDA BAR, Complainant,
v.
John Wesley ADAMS, Respondent.
No. 81125.
Supreme Court of Florida.
August 11, 1994.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jan Wichrowski, Bar Counsel, Orlando, for complainant.
John Wesley Adams, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by John Wesley Adams. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's recommendation of guilt. We suspend Adams for ninety days.
Adams represented Manuel Geres in a civil suit against a hospital and an obstetrician wherein it was alleged that the defendants had placed Geres' child up for adoption without obtaining Geres' consent. The mother of the child, Kathryn Ornstein, was not married to Geres. Attorney Helen Hope arranged the adoption; Lewis Fishman represented the hospital; and Miles McGrane represented the obstetrician.
Ornstein told Adams during the pendency of the civil suit that Hope had tried to coerce her into signing an affidavit stating that Geres was not the father of the child. This prompted Adams to write Hope on October 7, 1991, and accuse her of attempting to *400 suborn perjury from Ornstein. He also accused Fishman and McGrane of attempting to suborn perjury. The letter contained the following passages:
Over the telephone you told Katherine, "You had better sign that Manuel Geres is not the father. I wouldn't want to see you brought up on perjury charges because I will file perjury charges. I don't want to see that happen to you Katherine."
Ms. Hope, you are clearly trying to create false testimony by threatening someone. That is not only highly unethical, but it is against the law.
You also told Katherine Ornstein that you were aware of all the problems that she was having with HRS and that you could make it very difficult for her, or words to that effect.
... .
It is highly unethical to make threats, it is highly unethical to attempt to create false testimony, and it is also unethical to interfere with or attempt to break up an attorney-client relationship between two other parties, i.e., Manuel Geres and myself.
Additionally, there are numerous other instances in which you have committed highly unethical acts. I would also like very much to question each and every one of your former clients in reference to your past actions and conduct.
... .
I am also advising both opposing counsels through this letter, that obviously, one or both of them participated in attempting to create the perjured testimony. It was either Lewis W. Fishman or Miles McGrane, III, or both. Their clients are the only ones that would have anything to gain by obtaining the coerced testimony so one or both of them was unequivocally involved.
Later, in the civil suit Adams repeated the same allegations in court.
McGrane filed a complaint with The Florida Bar, and the grievance committee found probable cause. The referee in the resulting disciplinary proceeding determined that although there was no truth to the charges of unethical conduct against Hope, Adams did have some basis for questioning her communication with Ornstein. The allegations against Fishman and McGrane, however, were frivolous:
I find that the Respondent Mr. Adams, formerly known as Carl Teplicki, sent the letter dated October 7, 1991 to attorney Helen Hope which was admitted into evidence as a Bar exhibit and attached to the Bar's Complaint. In this letter, Mr. Adams set forth accusations against Helen Hope, Lewis W. Fishman, and Miles McGrane, all members of the Florida Bar.
Although I do not find the allegations against Ms. Hope of unethical behavior to be true, I acknowledge that the Respondent, although overzealous in his approach, did have some reason to suspect Ms. Hope's communication with Katherine Ornstein. The accusations set forth against Mr. Fishman and Mr. McGrane were not only false, but there was absolutely no evidence from which the Respondent could have reasonably suspected that type of conduct. I find the Respondent reiterated the baseless allegations against Mr. Fishman and Mr. McGrane before Judge Friedman during a hearing on October 21, 1991.
The referee recommended that Adams be found guilty of violating numerous Rules Regulating The Florida Bar:
I recommend that the respondent be found guilty and specifically that he be found guilty of the following violations of the Rules of Discipline and Rules of Professional Conduct, to wit:
3-4.3 for engaging in conduct that is unlawful or contrary to honesty and justice; 4-4.1(a) knowingly making a false statement of material fact or law to a third person in the course of representing a client; 4-4.4 for using means which have no substantial purpose other than to embarrass, delay, or burden a third person; 4-8.4(a) for violating the Rules of Professional Conduct; 4-8.4(c) for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and 4-8.4(d) for engaging in conduct that is prejudicial to the administration of justice.
In conclusion, the referee recommended that Adams be disciplined as follows:

*401 I recommend that the Respondent receive a public reprimand and be placed on probation for a period of six (6) months. The terms of probation are as follows: A general evaluation by a licensed psychologist and engage in any counseling that may be recommended.
Adams petitioned for review, and the Bar cross-petitioned, seeking a ninety-one day suspension with proof of rehabilitation instead of a public reprimand.
Our review of the record shows that competent, substantial evidence supports the referee's findings of fact and recommendations of guilt arising from Adams' charges of criminal and unethical conduct against Fishman and McGrane. We approve those findings and recommendations. See The Florida Bar v. Gross, 610 So.2d 442, 444 (Fla. 1992) ("Upon review, this Court must sustain a referee's findings if they are supported by competent and substantial evidence."). While the referee's recommended discipline of a public reprimand might be appropriate under certain circumstances, our review of the record reveals that it would be insufficient here.
The cumulative weight of Adams' actions show that he is currently unable to conduct himself in a manner conducive to the ethical practice of law. A public reprimand, we conclude, would be insufficient discipline to induce him to reassess his behavior and to protect the public and legal profession from his unfounded threats and allegations. We conclude that a ninety-day suspension is fair for both society and Mr. Adams  it will protect society while giving Adams an opportunity to address his destructive behavior. The Florida Bar v. Carswell, 624 So.2d 259 (Fla. 1993). As a final point, for record-keeping purposes we note that Adams has changed his name numerous times during the pendency of these proceedings  first he was named Carl Teplicki, then R.W. Soap, and now John Wesley Adams.
John Wesley Adams is hereby suspended from the practice of law in Florida for ninety days. As a condition of his suspension, he must submit to an evaluation by a licensed and Bar-approved mental health professional and undergo any recommended counseling. Upon reinstatement, Adams shall be placed on probation for a period of one year, during which time any recommended counseling will continue. The suspension will be effective thirty days from the filing of this opinion so that Adams can close out his practice and protect the interests of existing clients. If Adams notifies this Court in writing that he is no longer practicing law and does not need thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Adams shall accept no new business from the date this opinion is filed. Judgment for costs in the amount of $3,220.61 is entered for The Florida Bar against John Wesley Adams, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., OVERTON, SHAW, KOGAN and HARDING, JJ., and McDONALD, Senior Justice, concur.