655 So.2d 1122 (1995)
THE FLORIDA BAR, Complainant,
v.
Cyrus A. COX, Respondent.
No. 83582.
Supreme Court of Florida.
June 1, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Charles A. Stampelos of McFarlain, Wiley, Cassedy & Jones, P.A., Tallahassee, for respondent.
PER CURIAM.
Attorney Cyrus A. Cox petitions this Court for review of the referee's recommendation that he receive a thirty-day suspension from the practice of law as a result of a disciplinary proceeding filed by The Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's report in its entirety.
The Florida Bar filed a complaint against Cyrus A. Cox alleging that while working for the law firm of Sears and Manuel, P.A., Cox accepted cases without the knowledge or consent of the firm, violating the firm policy against unauthorized outside legal employment. The complaint also alleged that Cox corresponded with clients on these matters and billed clients on firm stationery, and in several cases requested in writing that the clients make payments to him personally rather than to the firm. Further, Cox actually collected and kept some of these fees. Cox initially denied having done so, but when faced with documented evidence in each case, he admitted to having collected these fees.
At the hearing before the referee, Cox did not contest the allegations contained in the Bar's complaint. The referee found Cox guilty of violating several Rules of Professional Conduct[1] (chapter four of the Rules Regulating The Florida Bar) and recommended that Cox be suspended from the practice of law for a period of thirty days.
In reviewing a referee's recommendations for discipline, our scope of review is broader than afforded to findings of fact, because it is our responsibility to order the appropriate punishment. Florida Bar v. Poplack, 599 So.2d 116, *1123 118 (Fla. 1992). Cox asks this Court to reject the referee's recommendation of a thirty-day suspension and, instead, urges that a public reprimand would be adequate and appropriate. Cox admits that he engaged in "moonlighting" while employed as an associate with the law firm, and that he initially denied the fact that he represented outside clients and collected legal fees from those clients. However, he asserts that his representation of those clients did not result in any conflicts of interest with respect to the firm's clients, nor did it cause any actual or potential injury with respect to any of the law firm's or Cox's clients. Moreover, Cox contends that a thirty-day suspension is not warranted under existing case law or under the guidelines as set forth in the Florida Standards for Imposing Lawyer Sanctions.
Despite Cox's contentions, we find substantial competent evidence to support the referee's findings, and agree with the referee's recommendations as to guilt and sanctions. See Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla. 1992). Further, we find that Cox's misconduct is consistent with other disciplinary cases where suspensions have been imposed. For example, in Florida Bar v. Stalnaker, 485 So.2d 815 (Fla. 1986), and Florida Bar v. Childers, 582 So.2d 617 (Fla. 1991), we suspended the attorneys for ninety days for diverting client fees which were intended for the law firm to their own personal accounts. In another case, Florida Bar v. Bradham, 446 So.2d 96 (Fla. 1984), the attorney was suspended for thirty days for dishonesty in relations with his law partners. Finally, in Florida Bar v. Herzog, 521 So.2d 1118 (Fla. 1988), the attorney received a ten-day suspension for engaging in deceptive billing practices.
Although Cox's conduct may not have caused serious harm to the clients or to the firm where he was employed, the facts reflect a pattern of intentional misconduct and deception which warrants serious punishment. Cox continued to engage in unauthorized legal employment even after he was specifically warned against it, and, even more importantly, willfully deceived the firm about his conduct. Consistent with the aforementioned cases, we believe a thirty-day suspension is an appropriate discipline for Cox given his dishonesty and misrepresentation toward his employer and his clients, as well as his misconduct in diverting fees to his personal account.
Accordingly, we adopt the referee's recommendation of a thirty-day suspension. Cox's suspension shall be effective thirty days from the filing of this opinion, thus giving him time to close out his practice and protect the interests of his clients. If Cox notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the thirty-day suspension effective immediately. Cox shall not accept new business from the date of this opinion.
Cox is hereby suspended from the practice of law in Florida for thirty days. Judgment is entered against Cox for the costs in the amount of $682.15, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] Cox was found guilty of violating the following rules:

(1) Rule 4-1.7(b) for representing clients without the knowledge and consent of the law firm for which he was working, which could have limited his exercise of independent professional judgment in the representation of those clients or which could have resulted in the law firm having a conflict of interest by accepting a case against an unknown client of Cox;
(2) Rule 4-4.1(a) for representing clients without the knowledge or consent of the law firm for which he was working and for concealing the fact from that firm and in some cases denying such representation; and
(3) Rule 4-8.4(c) for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation pertaining to his performance of work for clients without the consent or authorization of the law firm and attempting to conceal the representation of those clients.