801 So.2d 858 (2000)
THE FLORIDA BAR, Complainant,
v.
Rafael A. CENTURION, Respondent.
No. SC93523.
Supreme Court of Florida.
May 4, 2000.
*859 John F. Harkness, Jr., Executive Director and John Anthony Boggs, Staff Counsel, Tallahassee, Florida; and Cynthia Ann Lindbloom, Bar Counsel, Miami, Florida, for Complainant.
Rafael A. Centurion, Miami, Florida, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Rafael A. Centurion. Centurion petitions for review, challenging the referee's findings of guilt and recommended discipline. The Florida Bar cross-petitions on the issue of discipline. We have jurisdiction. Art. V, § 15, Fla. Const. For the reasons stated, we approve the referee's findings of fact regarding Centurion's guilt and approve in part the referee's recommended discipline.
The Florida Bar filed a five-count complaint against Centurion. A hearing was held on January 22, 1999. In pertinent part, the referee's findings as to each count were as follows.

Referee's Findings of Fact and Guilt

Count I
In June 1995, Donnarae Flamm hired Centurion to represent her in a lawsuit against the federal government. For a year and a half, despite Flamm's attempts to contact him, Centurion did not advise Flamm of any details of her case, including the fact that the case was dismissed for failure to prosecute. Centurion eventually reassured Flamm that her case was proceeding *860 properly even though it had been dismissed. Flamm learned that her case was dismissed after contacting the clerk of the court. Flamm's request to have her case reinstated was denied, and the statute of limitations had expired as to Flamm's tort claim. The referee found to be offensive Centurion's suggestion at the hearing that Flamm should have known that a viable contract claim still existed on her cause of action simply because she was an experienced paralegal.
As to Count I, the referee found Centurion guilty of violating rule 4-1.1 of the Rules of Professional Conduct by failing to file all the required documents and to follow up on the filing of those documents and by failing to comply with court orders. The referee also found that Centurion violated rules 4-1.3 and 4-1.4 for failing to prosecute Flamm's lawsuit or keep her advised of the status of the case and rule 4-8.4(c) for misrepresenting to Flamm that her case was proceeding properly.

Count II
Daniel Bernard hired Centurion to assist in an adoption proceeding, and Centurion filed a petition for adoption. However, the petition was incomplete. Centurion failed to advance the case by preparing and obtaining the required documentation to complete the adoption. Centurion advised Bernard that the matter had been set for final hearing. On the date of the hearing, Bernard called Centurion and was told that Centurion forgot to inform Bernard that the hearing had been canceled. Bernard ultimately completed the adoption proceeding himself.
As to Count II, the referee found Centurion guilty of violating rules 4-1.3 and 4-1.4(a) for failing to act with reasonable diligence in representing Bernard and failing to keep Bernard reasonably informed and to comply with reasonable requests for information. The referee also found that Centurion's conduct resulted in a delay in the adoption proceedings.

Count III
Leon Smith retained Centurion to file a claim for unpaid salary allegedly due him. After numerous unsuccessful attempts to contact Centurion during a four-month period, Smith contacted the clerk of court and learned that Centurion had not filed a complaint.
With respect to Count III, the referee found Centurion guilty of violating rules 4-1.3 and 4-1.4(a) for his failure to represent Smith diligently, to keep Smith reasonably informed about the status of his case, and to comply with reasonable requests for information. The referee also found that Centurion violated rule 4-8.4(g) and Rule of Discipline 3-4.8 due to his failure to respond in writing to inquires from the Bar concerning its investigation into Smith's complaint.

Count IV
Suhani and Mayuri Raval hired Centurion to represent them in a fraud suit. Centurion served the defendant insurance company but did not serve the individual defendant. Upon obtaining a default judgment against the insurance company, Centurion failed to set a final hearing in the matter. After Suhani Raval filed a complaint with the Bar, Centurion advised that he would schedule a final hearing and provide the Bar's representative with a copy of the notice of hearing, which he failed to do. The referee also found that the Raval family had hired Centurion to represent them in two other matters which were either abandoned or not pursued by Centurion.
As to Count IV, the referee found Centurion guilty of violating rule 4-1.3 by not acting with reasonable diligence and promptness in pursuing a final judgment against the insurance company defendant. *861 The referee noted that Centurion admitted this fact in his answer.

Count V
Natalia Ortiz hired Centurion to represent her in a bankruptcy matter. Centurion requested that the filing fees for Ortiz's case be paid by money order. However, after receiving Ortiz's personal check, Centurion did not advise her that her check would not be accepted by the court. Ortiz only became aware of this two months after she had sent the check and after she contacted Centurion. After receiving notice that a creditor's meeting had been set, Ortiz requested that Centurion reschedule the meeting, which he failed to do. Ortiz's case was subsequently dismissed because no one had appeared at the meeting. Centurion then advised Ortiz that he had filed a motion to reset a date for the creditors' meeting; however, Ortiz's case was dismissed a week before. Centurion did not contact Ortiz for over a month after he had allegedly rescheduled the meeting, and Ortiz hired other counsel to complete the matter.
As to Count V, the referee found Centurion guilty of violating rules 4-1.3 and 4-1.4(a) for his failure to act with reasonable diligence and promptness in representing Ortiz and his failure to keep her reasonably advised of the status of her case. The referee also found that Centurion violated rule 4-8.4(c) by misrepresenting to Ortiz that he would file a request to delay the creditors' meeting and that he would correct any deficiencies and then failing to do so. The referee also found that respondent violated rules 4-8.4(g) and 3-4.8 by failing to respond to inquiries from the Bar concerning this matter.
Centurion contests the referee's findings of fact in Counts I, III, IV, and V. A referee's findings of fact carry a presumption of correctness and should be upheld unless they are clearly erroneous or there is no evidence in the record to support them. See Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). If a referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. See Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). A party challenging the referee's findings carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record clearly contradicts those conclusions. See Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996). We find that Centurion has not met this burden.
As to Count I, Centurion asserts that the referee erred in finding that he failed to advise Flamm of the possibility of pursuing another lawsuit based on a breach of contract claim. However, Centurion misstates the referee's findings. The referee found Centurion's suggestion that Flamm should have known she still had a viable cause of action based on a contract theory because of her profession as a paralegal was "outright offensive." The referee did not find that Centurion had violated any rule with regard to the suggestion. Centurion does not otherwise challenge the violations found by the referee with regard to this count.
As to the remaining findings, Centurion argues that the referee improperly considered evidence that should not have been admitted. With regard to Counts III and IV, Centurion contends that the referee erred in making findings of fact in the absence of sworn testimony from Smith and Raval, claiming that their absence precluded Centurion from cross-examining them. This claim has no merit. Disciplinary proceedings are neither civil *862 nor criminal but are quasi-judicial proceedings in which the referee is not barred by the technical rules of evidence. See Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). Hearsay is admissible. See id. Moreover, a lawyer can seek to subpoena witnesses if the lawyer believes that the witness's appearance is necessary. See R. Regulating Fla. Bar 3-7.11(d)(1).[1] In this case Centurion did not seek to subpoena these witnesses or demonstrate how he was prejudiced by not having the witnesses present at the hearing. Thus, the referee properly considered Smith's written complaint form to the Bar and the testimony of Raval's sister concerning Raval's complaint against Centurion.
Centurion next argues in Count V that the referee erred in making findings of fact based on Ortiz's testimony since she was not properly sworn as a witness in accordance with section 92.50, Florida Statutes. We find no merit in this argument. In Florida Bar v. Clement, 662 So.2d 690, 698 (Fla.1995), an attorney challenged the admissibility of testimony that was not taken in accordance with section 92.50(3), Florida Statutes. While this Court stated it would be better practice to comply with that section, we did not conclude it was mandatory. See id. Furthermore, Centurion not only verified Ortiz's identity prior to her testimony, but specifically agreed to continue with her testimony in the absence of the formalities required by section 92.50.

Referee's Recommended Discipline
The referee recommended that Centurion be suspended from the practice of law for one year. As a condition of reinstatement, the referee recommended that Centurion complete the following: (1) ten ethics credits in addition to those already required by the Bar; (2) pass the ethics portion of The Florida Bar Examination; and (3) undergo a mental health evaluation by Florida Lawyers' Assistance, Inc. In addition, the referee recommended that, upon reinstatement, Centurion be placed on probation for one year subject to the condition that if Centurion engages in private practice during this time, he shall pay for and undergo an office procedures and record-keeping analysis under the direction of the Law Office Management Advisory Service (LOMAS) and comply with any recommendations of LOMAS.
Although the Bar originally sought a one-year suspension at the hearing, the Bar now argues that a two-year suspension is the more appropriate discipline. Centurion challenges the one-year suspension as being excessive and not supported by existing case law. Centurion also argues that the referee failed to consider any mitigation in making his recommendation and that Centurion was not put on notice that the Bar was seeking additional discipline in excess of the one-year suspension in violation of his due process rights.
With regards to attorney discipline, it is ultimately this Court's task to determine the appropriate sanction; however, a referee's recommendation will be followed if reasonably supported by existing case law. See Florida Bar v. Fredericks, 731 So.2d 1249, 1254 (Fla.1999). We reject Centurion's contention that a one-year suspension followed by one year of probation is too severe. Centurion's conduct resulted in prejudice to his clients' rights and was an intolerable breach of *863 trust. See Florida Bar v. Schilling, 486 So.2d 551 (Fla.1986). Similar discipline has been upheld in cases involving the mishandling of client cases. See Florida Bar v. Morrison, 669 So.2d 1040 (Fla. 1996); Florida Bar v. Patterson, 530 So.2d 285 (Fla.1988); Florida Bar v. Pincus, 327 So.2d 29 (Fla.1975).
The Bar cites to Florida Bar v. Provost, 323 So.2d 578 (Fla.1975), in support of its recommendation that a two-year suspension is the proper discipline. In Provost, the attorney had engaged in acts of client neglect similar to this case. However, that attorney had a disciplinary history that included a private reprimand and a suspension, which is not present here. As the Bar correctly argued before the referee, a one-year suspension is supported by existing case law and is the appropriate discipline.[2]
Centurion next argues that the referee erred in failing to consider any mitigation in recommending discipline. The referee's report does not specifically set out findings with regard to any aggravating or mitigating factors. However, the transcript of the hearing reflects that the referee considered Centurion's lack of disciplinary history, Centurion's transition into a different job, and his refunding of fees to clients as mitigation in making his disciplinary recommendation.
Centurion also argues that he had no notice that the Bar was seeking discipline in addition to a suspension and that the imposition of such sanctions violates his due process rights. As to the discipline imposed, due process requires that the attorney be allowed to explain the circumstance of the alleged offense and to offer testimony in mitigation of any penalty to be imposed. See Florida Bar v. Carricarte, 733 So.2d 975, 978 (Fla.1999). Separate hearings were held as to guilt and discipline. After conclusion of the initial hearing, Centurion received a letter indicating that the Bar would be seeking suspension with proof of rehabilitation prior to reinstatement. This letter and the nature of the prior proceedings in which Centurion's ethical breaches involving client neglect were litigated were sufficient to put Centurion on notice of the discipline that was imposed with the exception of the requirement that Centurion undergo a mental health evaluation.
In the letter, no mention was made of a mental health evaluation, and the facts of the case were not such that Centurion would be aware that his mental health was in question. See id. The Bar argues that an evaluation is proper because Centurion failed to respond to letters from the Bar and offered no explanation for that failure or for his treatment of clients. In cases where this Court has upheld a recommendation that an attorney undergo a mental health evaluation, the attorney had either not challenged the requirement, see Florida Bar v. Poplack, 599 So.2d 116 (Fla.1992), or the evidence was such that the attorney would have been put on notice that mental health was an issue and supported the recommendation of an evaluation. See Carricarte, 733 So.2d at 975; Florida Bar v. Sayler, 721 So.2d 1152 (Fla.1998), cert. denied, 528 U.S. 890, 120 S.Ct. 213, 145 L.Ed.2d 179 (1999); Florida Bar v. Adams, 641 So.2d 399 (Fla.1994). Here, none of these circumstances existed. Thus, we conclude *864 that Centurion did not have sufficient notice to allow him to offer testimony in mitigation of this penalty, and the penalty is not reasonably supported by existing case law.
In sum, with the exception of the recommendation that Centurion undergo a mental health evaluation, we approve the referee's recommended discipline.

Conclusion
Accordingly, Rafael A. Centurion is hereby suspended from the practice of law in Florida for one year and thereafter until he has shown proof of rehabilitation, has paid the costs of the proceedings, and has passed the ethics portion of The Florida Bar Examination. If reinstated, Centurion shall be on probation for a period of one year. The suspension will be effective thirty days from the filing of this opinion so that Centurion can close out his practice and protect the interests of existing clients. The record reveals that Centurion is not currently in private practice. Therefore, if Centurion notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Centurion shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for recovery of costs from Raphael A. Centurion in the amount of $3,179.01, for which sum let execution issue.
It is so ordered.
HARDING, C.J., and SHAW, WELLS, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
NOTES
[1] Rule 3-7.11(d)(1) provides:

Subpoenas for the attendance of witnesses and production of documentary evidence before a referee shall be issued by the referee and shall be served in the manner provided by law for the service of process or by an investigator employed by The Florida Bar.
[2] The Bar did not give any reason why it now believes that a two-year suspension is the appropriate punishment for Centurion's violations. While cooperation in Bar proceedings can be considered in mitigation in imposing discipline, Florida Standards for Imposing Lawyer Sanctions 9.32(e), it should be noted that it is improper to seek a more severe punishment simply because an attorney has chosen to argue his or her case before this Court. See Florida Bar v. Marcus, 616 So.2d 975, 978 (Fla.1993).