PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar and the uncontested report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar charged respondent with engaging in unethical conduct, specifically, violation of article XI, Rule 11.02(3)(a), of the Integration Rule of the Florida Bar (commission of an act contrary to honesty, justice, and good morals), and Disciplinary Rule 1-102(A)(6) (conduct that adversely reflects on his fitness to practice law).
Respondent entered into a stipulation for a consent judgment based on the following admitted facts: In December, 1979, and January, 1980, respondent met with others on numerous occasions to discuss the feasibility of importing cocaine and cannabis. However, on January 19, 1980, respondent voluntarily renounced his participation in the scheme and prevented its commission by persuading all the others not to go forward with the plan.
Respondent agreed to and the referee approved the following discipline: A six-months’ suspension beginning May 1, 1987, and a requirement that he take and pass the professional responsibility portion of The Florida Bar examination and demonstrate proof of rehabilitation in accordance with the rule prior to reinstatement. In approving the consent judgment, the Bar and the referee considered a number of mitigating factors, including respondent’s strong sense of repentance and otherwise ethical practice of law. After receiving a supplemental brief on the appropriateness of the discipline, we approve the referee’s findings and recommendations.
Judgment for costs in the amount of $633.00 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
McDonald, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.