PER CURIAM.
This disciplinary proceeding is before the Court for consideration of the report of a referee. Neither party seeks review of the report.
The referee’s report contains findings of fact expressed as follows:
1. In 1980 the respondent was retained by Eileen Vandenberg to handle the closings on the sale of some lots located in Florida.
2. The respondent made an error in the legal description in the deeds. Mrs. Vandenberg did not become aware of the error until January, 1982. She notified the respondent and he promised to make the necessary corrections.
3. The respondent failed to do so and Mrs. Vandenberg filed a complaint with The Florida Bar in November, 1982.
4. In The Florida Bar v. Greene, 463 So.2d 213 (Fla.1985), the Florida Supreme Court publicly reprimanded the respondent for his negligence and placed him on a one-year period of probation during which time he was to correct the deeds. Failure to do so within thirty days would result in his immediate suspension for ninety days.
5. On April 10, 1986, the respondent was suspended from the practice of law for ninety days after he failed to observe the conditions of his probation which included correcting the deeds within thirty days. See The Florida Bar v. Greene, 485 So.2d 1279 (Fla.1986).
6. By letter dated February 13, 1987, Mrs. Vandenberg advised the Bar that several of the deeds had still not been corrected.
7. Respondent asserted he assumed his associate had made the necessary corrections. However, he did not check to see if this had been accomplished properly and in a timely manner.
8. The corrected deeds finally were mailed to Mrs. Vandenberg’s counsel in or about October 1987. Mrs. Vanden-berg signed the deeds which were returned to the respondent in February. However, the exact status of the lots is still unclear as several were purchased by nonresidents.
The referee recommended finding the respondent guilty of violating Disciplinary Rules 1-102(A)(6) (conduct adversely reflecting on fitness to practice law), 6- *1104 101(A)(3) (neglecting a legal matter entrusted to him), and 7-101(A)(l) (failing to seek lawful objectives of client) of the former Code of Professional Responsibility and, for continuing misconduct after December 31, 1986, rule 4-1.3 of the Rules of Professional Conduct for failing to act with reasonable diligence and promptness in representing a client.
On the matter of discipline, the referee recommended as follows:
I recommend that the respondent receive a public reprimand and be placed on probation for a period of two years. As a condition of the respondent’s probation, within thirty days of billing, he shall reimburse Mrs. Vandenberg for her costs of retaining independent counsel to clear up the situation. Respondent shall cooperate fully with independent counsel. The referee further urges Mrs. Vanden-berg to retain independent counsel as soon as possible. Respondent shall also bear all fees and costs in this matter. A failure to pay fees and costs of the independent counsel and these proceedings within one month of billing shall result in a twelve-month period of suspension with proof of rehabilitation required.
We approve the referee’s findings and recommendations. We hereby reprimand John Montgomery Greene for professional misconduct. He shall be on probation for two years under the conditions set forth in the referee’s report.
The costs of this proceeding are assessed against the respondent. Judgment is entered against John Montgomery Greene for costs in the amount of $951.08, for which sum let execution issue.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, McDonald, shaw, barkett, GRIMES and KOGAN, JJ., concur.