543 So.2d 751 (1989)
THE FLORIDA BAR, Complainant,
v.
Eric R. JONES, Respondent.
No. 72071.
Supreme Court of Florida.
April 27, 1989.
Rehearing Denied June 23, 1989.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
No appearance for respondent.
PER CURIAM.
The respondent, Eric R. Jones, petitions this Court to review the referee's report in the instant disciplinary proceeding. We have jurisdiction. Art. V, § 15, Fla. Const. We approve the referee's recommendations as to both guilt and discipline.
The respondent was charged in a petition filed by The Florida Bar with the following violations of the Disciplinary Rules of The Florida Bar's Code of Professional Responsibility and Rules of Professional Conduct:
(a) 1-102(A)(6) for any other conduct that reflects adversely on his fitness to practice law;

*752 (b) 6-101(A)(3) for neglecting a legal matter entrusted to him;
(c) 7-101(A)(1) for intentionally failing to seek the lawful objective of his client through reasonably available means;
(d) 7-101(A)(2) for intentionally failing to carry out a contract of employment entered into with a client for professional services;
(e) 4-1.3 for failing to act with reasonable diligence and promptness in representing his client;
(f) 4-1.4(a) for failing to keep his client reasonably informed as to the status of a matter and promptly complying with her reasonable requests for information.
We agree with the referee's findings of guilt as to each of the specified violations.
Although respondent does not have any prior disciplinary record, it is the referee's recommendation that respondent be suspended for a period of ninety-one days and thereafter until he shall prove his rehabilitation and for an indefinite period until he shall pay the costs of this proceeding and make restitution to his client in the amount of $585.50, as provided in rule 3-5.1(e) of the Rules of Discipline.
The referee specifically notes respondent's total lack of cooperation with The Florida Bar during these proceedings. Respondent failed to appear either in person or by counsel at his grievance committee hearing on January 25, 1988, despite the fact that he had personal knowledge as to when the hearing was scheduled. He further failed to appear either in person or by counsel at his final hearing before the referee on August 2, 1988, despite having had notice by certified mail. The referee felt this was the same callous disregard for the proceedings of The Florida Bar as he had shown toward his client's legal matter in this case.
We also note that on three separate occasions respondent was notified by this Court that his brief was overdue, but to this date no brief has been filed on behalf of respondent.
We believe that the referee's recommended discipline is appropriate in this case, and we therefore suspend Eric R. Jones from the practice of law for a period of ninety-one days and thereafter until he shall prove his rehabilitation and for an indefinite period until he shall pay the costs of this proceeding and make restitution to his client in the amount of $585.50. This suspension shall be effective May 30, 1989, thereby giving respondent thirty days to take the necessary steps to protect his clients. Respondent shall accept no new business after the date of this opinion. Judgment for costs in the amount of $614.11 is entered against the respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.