558 So.2d 994 (1990)
THE FLORIDA BAR, Complainant,
v.
Hiram Lee BAUMAN, Respondent.
No. 72868.
Supreme Court of Florida.
March 1, 1990.
Rehearing Denied April 26, 1990.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Warren Jay Stamm, Bar Counsel, Miami, for complainant.
Nicholas R. Friedman of Friedman, Baur, Miller & Webner, P.A., Miami, for respondent.
PER CURIAM.
We have for review The Florida Bar's petition challenging a referee's recommendation in disciplinary proceedings against the respondent for the unauthorized practice of law while suspended.[*]
This Court suspended respondent for six months effective May 1, 1987, and ordered him to take and pass the professional responsibility exam as a condition of reinstatement. The Florida Bar v. Bauman, 505 So.2d 1326 (Fla. 1987). While suspended, the respondent engaged in at least five distinct acts of practicing law. On one of these occasions he was held in contempt by a circuit judge for holding himself out as an attorney. Yet subsequent to the contempt citation he again represented clients in court.
The referee recommended that respondent be suspended from the Bar for three years. The Bar contends that the respondent should be disbarred because of his egregious behavior in defiance of this Court's order. Respondent argues that "[d]isbarment is an extreme penalty and should only be imposed in those rare cases where rehabilitation is highly improbable." The Florida Bar v. Davis, 361 So.2d 159, 161 (Fla. 1978). We can think of no person less likely to be rehabilitated than someone like respondent, who wilfully, deliberately, and continuously, refuses to abide by an order of this Court. We agree with the Bar that disbarment is appropriate. We adopt the findings of the referee and disapprove the recommended penalty.
The respondent is hereby disbarred effective immediately and enjoined from the practice of law. Judgment for costs in the amount of $2,337.45 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.