571 So.2d 426 (1990)
THE FLORIDA BAR, Complainant,
v.
Eric R. JONES, Respondent.
No. 74422.
Supreme Court of Florida.
November 29, 1990.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, and John A. Boggs, Director of Lawyer Regulation, Tallahassee, and John B. Root, Jr., Bar Counsel, Orlando, for complainant.
Eric R. Jones, in pro. per.
PER CURIAM.
We have for review the petition of The Florida Bar requesting review of a referee's recommendation in a disciplinary proceeding against the respondent for practicing law while suspended. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee made the following findings:
1. I specifically find that the respondent did not make a good faith effort to comply with the suspension order of the Supreme Court of Florida in The Florida Bar v. Eric R. Jones, 543 So.2d 751 (Fla. 1989). Furthermore, the respondent knowingly made untrue representations to the court with respect to his efforts to comply.
2. The Florida Bar filed a Petition for Order to Show Cause on July 14, 1989. The Bar alleged that the respondent, who had been suspended from the practice of law for a period of ninety-one days commencing on May 30, 1989, continued to engage in the practice of law after his suspension became effective.
3. On July 26, 1989, this court issued an order to show cause why he should not be held in contempt by August 15, 1989. On August 2, 1989, the respondent filed his response to that order.
4. In his Reply to the Petition To Show Cause dated August 2, 1989, the respondent falsely represented to the court that he had informed all of his clients of his suspended status and had otherwise complied with the Order of Suspension.
5. Affidavits provided by five of the respondent's clients clearly indicated that the respondent failed to properly notify them of his suspension and provide them with a copy of the order of the Supreme Court of Florida as required by Rule of Discipline 3-5.1(h) of the Rules Regulating the Florida Bar.
6. The respondent asserted in his reply that on several occasions he had sought assistance and guidance from The Florida Bar as to the appropriate steps to take in order to comply fully with the court's Order of Suspension. He falsely *427 represented that his inquiries met without any response.
7. In fact, Staff Counsel provided the respondent with guidance by letter, dated June 16, 1989. This letter were [sic] received by the respondent.
8. Respondent further falsely represented that he attended a legal proceeding in June, 1989, with the sole purpose of presenting certain evidentiary matters.
9. Testimony of attorney W. David Dugan clearly showed that the respondent not only attended a legal proceeding in June, 1989, but that during the proceeding, he conferred with the new attorney who was handling the respondent's client's cases, handed him notes and attempted unsuccessfully to assist in argument until the presiding judge reminded him that he was suspended. In addition, the respondent wrote to the presiding judge the following day, June 8, 1989, and provided additional case law.
10. The respondent admitted during the referee hearing that at the time he filed his Reply to the Bar's Petition To Show Cause on August 2, 1989, he had not ever read the Rules of Discipline of The Florida Bar, had not advised his clients of his suspension, provided them with a copy of the court order nor had he advised them to seek alternate counsel despite making these assertions in his reply.
11. The respondent did not discontinue the use of stationary letterhead indicating his attorney status until after it was brought to his attention by Bar Counsel. Despite receiving a letter from Bar counsel date[d] June 16, 1989, advising the respondent that he would need to remove or cover his attorney sign, respondent failed to do so. This was brought to his attention again by Bar counsel in a letter dated July 20, 1989.
12. The respondent signed a summons, a supplemental Petition for Modification of Final Judgment and a financial affidavit as attorney for the petitioner in Marilyn Carter v. Gary Lee Mitchell, Case No. 80-2631-FD-O dated June 13, 1989.
13. The respondent's office produced a Notice of Appeal and a Motion for Supersedeas Bond in the case of Building Management Systems, Inc. v. Moyer-Brownson, Inc., Case No. 89-02371-CA-N and delivered same to client Charles C. Brownson on June 21, 1989. The documents were prepared for Mr. Brownson's signature. The respondent continued giving Mr. Brownson legal advice on numerous occasions during June, 1989.
14. The respondent failed to comply with the requirements of Rule of Discipline 3-5.1(h) by failing to provide a sworn affidavit listing the name and addresses of all clients to whom he had furnished copies of the court's suspension order to The Florida Bar within thirty days after the service of the suspension order itself.
15. I further find that The Florida Bar has not unnecessarily delayed the respondent's reinstatement proceeding currently pending before the undersigned as Referee. The respondent did not file his Petition for Reinstatement until September 22, 1989 although the ninety-one day period expired on August 29, 1989. The undersigned was appointed as Referee on October 16, 1989, approximately 48 days later, and the hearing was scheduled for January 19, 1990. On July 26, 1989, the Supreme Court ordered respondent to show cause on or before August 15, 1989, why he should not be held in contempt. He filed a response on August 2, 1989, and The Florida Bar filed a reply to that response on August 11, 1989. It was not until September 26, 1989, that [the] Supreme Court ordered a referee hearing in the matter. That hearing was scheduled on December 15, 1989. The only unnecessary delay was caused by the respondent's own failure to file his Petition for Reinstatement promptly upon the expiration of the ninety-one day period.
16. I specifically find that the respondent violated both the letter and the spirit of the law by engaging in conduct that constituted the practice of law after his *428 suspension became effective on May 30, 1989. The acts include, but are not limited to:
(a) appearing in court and attempting to engage in legal argument on June 7, 1989;
(b) prompting the attorney representing his former client while present in court on June 7, 1989;
(c) sending a letter to the court citing additional authority on June 7, 1989;
(d) further, respondent prepared and signed a summons, a supplemental Petition for Modification of Final Judgment and a financial affidavit as attorney for the petitioner in Marilyn Carter v. Gary Lee Mitchell, Case No. 80-2631-FD-O dated June 13, 1989, some two weeks after the effective date of his suspension;
(e) producing a Notice of Appeal and a Motion for Supersedeas Bond in the case of Building Management Systems, Inc. v. Moyer-Brownson, Inc., Case No. 89-02371-CA-N, and delivered same to his client, Charles C. Brownson, with instructions on how to file the documents;
(f) by consulting with and advising Mr. Brownson on his legal problem on several occasions during the month of June, 1989;
(g) preparing and delivering to Ms. Karen V. Headrick interrogatories for use in her lawsuit against her former husband, Gilbert Meeks, Case No. 87-14153-FD-ND, Brevard County, Florida, on June 22, 1989. The documents were prepared for her signature.
(Transcript references omitted.)
The referee recommended that respondent be found in contempt of the suspension order of this Court. He found that respondent violated the following Rules of Discipline:
(a) 3-5.1(e) by continuing to practice law while properly suspended;
(b) 3-5.1(h) by failing to furnish a copy of the suspension order to all of his clients with matters pending in his practice; and by failing to furnish staff counsel of The Florida Bar within 30 days after service of the suspension order a sworn affidavit listing the names and addresses of all clients who have been furnished copies of the order; and
(c) 3-6.1(c) by continuing to have direct client contact and by giving legal advice to clients while suspended from practicing law.
The referee also found that respondent violated the following Rules of Professional Conduct:
(a) 4-3.3(a)(1) by knowingly making a false statement of material fact to a tribunal; and
(b) 4-8.4(c) by engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.
The referee recommended that respondent's ninety-one-day suspension be extended for an additional two years. The Bar contends that respondent should be disbarred because of the seriousness of his misconduct. Although respondent appeared on his own behalf at the evidentiary hearing before the referee, he has submitted nothing in response to the referee's report and recommendation or to the Bar's petition for review now before the Court.
We agree with the Bar that disbarment is the appropriate discipline in this case. See The Florida Bar v. Bauman, 558 So.2d 994 (Fla. 1990) (lawyer disbarred for engaging in five distinct acts of practicing law while suspended). Respondent failed to comply with this Court's suspension order by engaging in the practice of law on numerous occasions after the effective date of his suspension. He failed to comply with the Rules Regulating The Florida Bar. In addition, respondent knowingly misrepresented his compliance with the suspension order in his Reply to the Petition to Show Cause filed with this Court. Therefore, we adopt the findings of the referee but disapprove the recommended penalty.
Respondent Eric R. Jones is hereby disbarred effective immediately and enjoined from the practice of law. Judgment for costs in the amount of $1,042.60 is hereby entered against the respondent, for which sum let execution issue.
It is so ordered.
*429 SHAW, C.J., and OVERTON, McDONALD, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.