589 So.2d 281 (1991)
THE FLORIDA BAR, Complainant,
v.
John Montgomery GREENE, Respondent.
No. 75850.
Supreme Court of Florida.
November 14, 1991.
*282 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
John Montgomery Greene, in pro. per.
PER CURIAM.
This disciplinary matter is before the Court upon the report and recommendation of the referee. We have jurisdiction according to article V, section 15, Florida Constitution.
The Florida Bar filed a petition for rule to show cause, alleging that respondent Greene engaged in the practice of law while under suspension. We entered an order to show cause and the appointed referee held an evidentiary hearing. The referee found that Greene engaged in the practice of law on four occasions while he was under suspension. He recommended that Greene be found in contempt of court, that his current suspension be extended for two years, and that he pay a fine of $2,500. Greene did not appear for or participate in the hearing.
We accept the referee's findings that Greene engaged in the practice of law while under suspension. The fact that Greene did not charge a fee for his services and was a personal friend of those for whom he performed the services does not make a difference. The Fla. Bar v. Keehley, 190 So.2d 173 (Fla. 1966) (nonattorney who prepared company charters and other documents engaged in unauthorized practice of law even though he performed the services for family and friends and did not charge a fee).
However, we reject the referee's recommendation as to the appropriate discipline. First, the Bar admits that there is no authority to impose a fine as a condition of discipline. Thus, the referee erred in recommending that Greene pay a $2,500 fine.
We agree with the Bar that further suspension of Greene would be fruitless. Greene has a long history of disciplinary violations. See The Fla. Bar v. Greene, 557 So.2d 35 (Fla. 1990); The Fla. Bar v. Greene, 529 So.2d 1103 (Fla. 1988); The Fla. Bar v. Greene, 515 So.2d 1280 (Fla. 1987); The Fla. Bar v. Greene, 485 So.2d 1279 (Fla. 1986); The Fla. Bar v. Greene, 463 So.2d 213 (Fla. 1985); The Fla. Bar v. Greene, 235 So.2d 7 (Fla. 1970). He has completely disregarded lesser forms of discipline imposed by this Court. He has failed to abide by conditions of probation. He has continued to practice law despite his suspension. We have found disbarment appropriate in other cases in which attorneys have engaged in the practice of law while suspended. See The Fla. Bar v. *283 Jones, 571 So.2d 426 (Fla. 1990) (attorney disbarred for continuing to practice law during suspension, failing to comply with rules requiring him to inform clients of his suspended status, and misrepresenting to Court that he had complied with the suspension order); The Fla. Bar v. Bauman, 558 So.2d 994 (Fla. 1990) (attorney disbarred despite referee's recommendation of suspension where attorney engaged in at least five acts of practicing law while under suspension). Given Greene's past disciplinary violations, his refusal to adhere to lesser forms of discipline, and his failure to participate in this case,[1] we find that disbarment is warranted.
Accordingly, respondent is hereby disbarred from the practice of law effective upon the filing date of this opinion and is enjoined from the practice of law. Judgment for costs in the amount of $934.87 is hereby assessed against the respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J. and BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
McDONALD, Judge, concurring in part, dissenting in part.
I agree that the actions of Greene constituted the practice of law while suspended. Considering their nature, however, I would approve the referee's recommendation of extending the suspension rather than imposing the ultimate penalty of disbarment.
OVERTON, J., concurs.
NOTES
[1] Greene's only participation in these proceedings has been his response to the show cause order that he had no objection to the appointment of a referee and his subsequent letter to the Court indicating that he wished to resign from The Florida Bar. He has failed to take the appropriate steps to resign. See R.Reg.Fla.Bar 3-7.12.