913 So.2d 554 (2005)
THE FLORIDA BAR, Complainant,
v.
Marjorie Hollman SHOUREAS, Respondent.
The Florida Bar, Complainant,
v.
Marjorie Hollman Shoureas, Respondent.
Nos. SC03-1194, SC03-1333.
Supreme Court of Florida.
October 12, 2005.
*555 John F. Harkness, Executive Director, John Anthony Boggs, Staff Counsel, The Florida Bar, Tallahassee, FL, and Adria E. Quinela, Bar Counsel, Fort Lauderdale, FL, for Complainant.
Kevin P. Tynan of Richardson and Tynan, P.L.C., Tamarac, FL, for Respondent.
*556 PER CURIAM.
We have for review the referee's reports in two cases involving ethical breaches by Marjorie Hollman Shoureas. We have jurisdiction. See art. V, § 15, Fla. Const. We consolidate the cases for purposes of this opinion. We approve the referee's findings of fact, recommendations as to guilt, and recommended discipline, with the exceptions noted below.

CASE NO. SC03-1194

A. Facts

This case involves disciplinary violations arising from two client matters. In the first matter, Lavont Flanders hired Shoureas to represent him in two civil cases. Flanders subsequently made numerous attempts to contact Shoureas concerning the cases, but she never returned his phone calls or replied to his letters. In one of the cases, Shoureas failed to execute a summons and complaint, failed to meet discovery deadlines, and was ordered to show cause why the case should not be dismissed for lack of prosecution. In the other case, Shoureas failed to execute a summons, and Flanders himself had to arrange for the summons to be served. That case was dismissed for lack of prosecution. Flanders filed a complaint with The Florida Bar concerning both cases. In the second matter, Magnolia Jager hired Shoureas to represent her in an employment discrimination dispute. Shoureas accepted representation and collected a fee and then never returned Jager's phone calls or replied to her letters. Jager filed a complaint with The Florida Bar.
Upon investigation, the Bar filed a four-count complaint against Shoureas. Counts I and II addressed Flanders's complaint, and Counts III and IV addressed Jager's complaint. The referee recommended that Shoureas be found guilty as follows:
A. As to Count I: By the conduct set forth above, Respondent violated R. Regulating Fla. Bar Rule 4-1.1 [A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation]; Rule 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client.]; Rule 4-1.4(a) [A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information]; Rule 4-1.4(b) [A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation]; and Rule 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another].
B. As to Count II: By the conduct set forth above, Respondent violated R. Regulating Fla. Bar Rule 4-8.4(g) [A lawyer shall not fail to respond, in writing, to any official inquiry by Bar counsel or a disciplinary agency, as defined elsewhere in these rules, when Bar counsel or the agency is conducting an investigation into the lawyer's conduct].
C. As to Count III: By the conduct set forth above, Respondent violated R. Regulating Fla. Bar Rule 4-1.1 [A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation]; Rule 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client]; Rule 4-1.4(a) [A lawyer shall keep a client reasonably informed about the status of a matter and *557 promptly comply with reasonable requests for information]; Rule 4-1.4(b) [A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation]; Rule 4-1.5(a) [An attorney shall not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee or a fee generated by employment that was obtained through advertising or solicitation not in compliance with the Rules Regulating The Florida Bar]; and Rule 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another].
D. As to Count IV: By the conduct set forth above, Respondent violated R. Regulating Fla. Bar Rule 4-8.4(g) [A lawyer shall not fail to respond, in writing, to any official inquiry by Bar counsel or a disciplinary agency, as defined elsewhere in these rules, when Bar counsel or the agency is conducting an investigation into the lawyer's conduct].
The referee made the following recommendation as to disciplinary measures to be imposed:
I recommend that Respondent be suspended for three years from the practice of law, said suspension to run concurrent and coterminous with her suspension in Supreme Court Case No. SC03-293. Respondent shall also pay $100 to Ms. Jager as restitution within sixty days of the order of the Supreme Court. During the course of her suspension, the Respondent is to continue her treatment and counseling with Dr. Ryan and Florida Lawyers Assistance, Inc. The appropriateness of any probationary terms upon reinstatement should be addressed in the reinstatement proceeding.
In recommending imposition of the above disciplinary measures, the referee considered the following factors:
After finding Respondent guilty but prior to making my disciplinary recommendation, I considered the following personal history and prior disciplinary record of Respondent, to wit:
Age: 52.
Date admitted to The Florida Bar: March 31, 2000.
Prior disciplinary convictions and disciplinary measures imposed therein: Respondent has been disciplined twice since her admission to The Florida Bar in 2000. The Florida Bar Case Nos. 2002-50,966 and 2002-51,254, Supreme Court Case No. SC02-2226Respondent was suspended for ninety-one days for neglecting clients; The Florida Bar Case Nos.2002-51,797 and 2003-50,524, Supreme Court Case No. SC03-293Respondent was suspended for a period of three years for neglecting clients.
The Bar has petitioned for review, seeking disbarment rather than a three-year suspension. Shoureas, on the other hand, asks the Court to approve the recommended discipline.

B. Analysis

The Court's standard of review for evaluating a referee's factual findings and recommendations as to guilt is as follows:
This Court's review of such matters is limited, and if a referee's findings of fact and conclusions concerning guilt are supported by competent, substantial evidence in the record, this Court will not reweigh the evidence and substitute its judgment for that of the referee.
Fla. Bar v. Rose, 823 So.2d 727, 729 (Fla. 2002). Implicit in this standard is the requirement that the referee's factual findings must be sufficient under the applicable *558 rules to support the recommendations as to guilt. See Fla. Bar v. Spear, 887 So.2d 1242, 1245 (Fla.2004).
In the present case, neither party contests the referee's factual findings or recommendations as to guilt. Our review of the record shows that, with a single exception noted below, the referee's findings and recommendations are supported by competent, substantial evidence. Shoureas admitted virtually all the violations outlined above in her initial pleading. We approve the referee's factual findings and recommendation that Shoureas be found guilty of violating the following rules: rule 4-1.1 (a lawyer shall provide competent representation); rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed and comply with reasonable requests for information); rule 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions); rule 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); and rule 4-8.4(g) (a lawyer shall not fail to respond to any official inquiry by Bar counsel or a disciplinary agency).
The only exception to the foregoing analysis is the alleged violation of rule 4-1.5(a) (prohibiting the collection of an excessive fee). On this charge, Shoureas denied the allegation in the complaint; the Bar presented no evidence directed to this issue below; and the referee made no specific findings with regard to a violation of this provision. In fact, at the conclusion of the final hearing, the referee stated: "The excessive fee count is dismissed. Apparently by agreement of the parties. There was no proof offered on that." Despite this statement, the written report contains a recommendation that Shoureas be found guilty of violating rule 4-1.5(a). Our review of the record reveals no competent, substantial evidence to support this recommendation and we therefore decline to approve this specific portion of the report and recommendation.
With regard to the referee's recommended discipline, the Court's standard of review is slightly different. We have consistently held that:
In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. However, generally speaking, this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions.
Fla. Bar v. Springer, 873 So.2d 317, 321 (Fla.2004) (citations omitted). In the present case, the recommended discipline of three-years' suspension meets this standard.
First, the recommended sanction has a reasonable basis in existing case law. The present case is similar to Florida Bar v. Shoureas, 892 So.2d 1002 (Fla.2004) (imposing three-years' suspension in Case No. SC03-293, effective August 19, 2004). There, the Court approved the referee's recommendation that Shoureas be found guilty of violating numerous disciplinary rules based on her neglect of two client matters and her refusal to participate in the disciplinary proceedings until her case was reviewed at the Supreme Court level. Although the Court noted that Shoureas had already been suspended for ninety-one days for committing a similar offense in Case No. SC02-2226, the Court declined to approve the recommended sanction of disbarment and instead imposed a suspension of three years. The offenses here are *559 similar to those in Shoureas and although Shoureas now has one more instance of prior discipline (i.e., the three-year suspension that was imposed in Shoureas), the offenses in both cases arose during a single period when Shoureas was suffering from chronic depression. In the final hearing below, the referee recognized:
[It] appears this is all part and parcel of the same dark period. And it should have all been wrapped up in one. If it had been known, I'm sure it would have all been brought up at the same time.
Additionally, whereas Shoureas did not participate in the final hearing in her previous disciplinary proceeding which produced our earlier opinion, she did participate in the final hearing in the present case.[1]
And second, the recommended sanction is authorized under the Florida Standards for Imposing Lawyer Sanctions. The Court has already addressed this aspect when we reasoned:
A hierarchy of sanctions is authorized in cases where a lawyer fails to act with reasonable diligence in representing a client. Ordinarily, admonishment is the appropriate sanction when a lawyer is negligent and fails to act with reasonable diligence in representing a client and causes little or no actual or potential injury to a client. Public reprimand is the appropriate sanction when a lawyer is negligent and fails to act with reasonable diligence in representing a client and causes injury or potential injury to a client. Suspension is the appropriate sanction when a lawyer (a) knowing fails to perform services for a client or engages in a pattern of neglect and (b) causes injury or potential injury to a client. Finally, disbarment is the appropriate sanction when a lawyer (a) abandons his or her law practice or knowingly fails to perform services or engages in a pattern of neglect and (b) causes serious or potentially serious injury to a client.
Shoureas, 892 So.2d at 1006-07 (footnotes omitted) (emphasis added).
In the present case, one aggravating circumstance and several mitigating circumstances are present on the face of the record. Shoureas had been previously disciplined twice for neglecting clients. Under the Standards, prior offenses properly may be considered in aggravation. See Fla. Stds. Imposing Law. Sanc. 9.22(a). It should be noted, however, that in the present case imposition of the prior disciplinary measures occurred long after the client matters giving rise to the present proceeding had already transpired. Shoureas thus did not have the benefit of the rehabilitative effect of the prior sanctions at the time she engaged in the conduct that resulted in the present violations with respect to her clients. Cf. Shoureas, 892 So.2d at 1007.
Under the Standards, personal or emotional problems and interim rehabilitation *560 may properly be considered in mitigation. See Fla. Stds. Imposing Law. Sanc. 9.32(c), (j). In the present case, Shoureas's history of chronic depression is well documented, and her efforts toward rehabilitation were noted by the referee. Further, as in our earlier Shoureas decision, two other mitigating circumstances are apparent on the face of this record:
[T]wo mitigating circumstances are apparent on the face of this record: (a) the record is devoid of any evidence showing that Shoureas had a dishonest or selfish motive in committing the above disciplinary violations, and (b) the record shows that Shoureas was inexperienced in the practice of law.
Shoureas, 892 So.2d at 1007 (footnote omitted). We conclude that the aggravation here is insufficient to outweigh the mitigation and to overcome the presumptive sanction of suspension. We approve the recommended sanction of a three-year suspension.

CASE NO. SC03-1333

A. Facts

In an earlier case, Case No. SC02-2226, Shoureas was suspended for ninety-one days, effective March 24, 2003, for neglecting client matters. See Fla. Bar v. Shoureas, 839 So.2d 701 (Fla.2003) (table decision). The Bar subsequently filed in this Court a twelve-count petition, alleging that Shoureas had continued to practice law after she was suspended. The referee conducted a hearing and made the following findings of fact:
5. Respondent admitted during the final hearing in these proceedings that she failed to furnish a copy of the [suspension order] to all of her existing clients and failed to submit said affidavit to The Florida Bar as required by Rule 3-5.1(g) until she retained counsel in August 2003.
6. Further, notwithstanding the [suspension order], Respondent admitted during these proceedings that she was present at her office following the suspension, continued to meet with clients, and kept her signs and listing in the office building directory listing her as an attorney. However, Respondent testified that she was not aware that she was suspended because she did not open her mail from The Florida Bar and that she only met with the clients, referenced below, due to the fact that she was suffering from depression.
7. Respondent admitted to the allegations of Count I, which alleged that on May 21, 2003, during the period of her suspension, a Bar investigator traveled to the office of Respondent located at 700 South Andrews Avenue, Fort Lauderdale, Florida, and observed that on the outside of the building, prominently displayed, was still Respondent's name listed as a P.A. The copy of photographs showing Respondent's name listed on the outside of the office building and her name listing her on the directory as an attorney were all admitted into evidence.
8. This count also alleged that on the first floor of the building was a directory of attorneys which on May 21, 2004, still listed Respondent as being a practicing attorney.
The referee also found that Shoureas admitted the allegations contained in the following counts: Count IV (alleging that on February 26, 2003, Shoureas met with client Claire and asked him to pay an additional $800 to continue her representation and that Shoureas accepted the payment and failed to notify Claire, opposing counsel, and the presiding judge of her suspension); Count V (alleging that Shoureas failed to notify client Smith of her suspension); Count VI (alleging that Shoureas failed to notify client Grandison *561 of her suspension); Count VII (alleging that Shoureas failed to notify client Lamas of her suspension); Count VIII (alleging that Shoureas failed to notify client Gullet of her suspension until about an hour before a scheduled hearing on March 27, 2003); Count IX (alleging that Shoureas failed to notify client Mells of her suspension); and Count XI (alleging that Shoureas failed to notify client Riggio of her suspension).[2]
The referee made the following recommendation as to guilt: "I do not find any willful contempt of the Supreme Court Order by Ms. Shoureas after hearing the testimony of all of the witnesses and I find for the Respondent." The referee made the following recommendation as to disciplinary measures to be imposed: "No discipline is recommended, in that Respondent is found not guilty." In making the above recommendation, the referee considered the following factors:
Age: 52.
Date admitted to The Florida Bar: March 31, 2000.
Prior disciplinary convictions and disciplinary measures imposed therein: The Florida Bar Case Nos. 2002-50,966 and 2002-51,254, Supreme Court Case No. SC02-2226Respondent was suspended for ninety-one days for neglecting clients; The Florida Bar Case Nos. 2002-51,797 and 2003-50,524, Supreme Court Case No. SC03-293Respondent was suspended for a period of three years for neglecting clients.
The Bar has petitioned for review, asking the Court to hold Shoureas in contempt and to disbar her. Shoureas, on the other hand, asks the Court to approve the referee's factual findings, recommendation as to guilt, and recommended discipline.

B. Analysis

While the Bar's standard of proof at the final hearing stage in a contempt case is the traditional clear and convincing evidence standard, see Fla. Bar v. Forrester, 30 Fla. L. Weekly S623, S624, ___ So.2d ___, ___, 2005 WL 2155143 (Fla. Sept. 8, 2005), this Court's standards of review in a contempt case are the traditional standards that are applicable to attorney disciplinary proceedings in general and which have been recently set forth in Forrester. See Id. (articulating the proper standard of proof in a contempt case and then proceeding to apply the traditional standards of review to the referee's factual findings, recommendations as to guilt, and recommended discipline).[3] In the present case, the Bar does not contest the standard of proof applied below, and we are concerned only with applying the above standards of review.
*562 The referee made the following factual findings: (a) that Shoureas admitted that she failed to furnish in a timely manner a copy of the suspension order to existing clients and failed to submit to the Bar in a timely manner an affidavit listing the names and addresses of persons so notified; (b) that Shoureas admitted that during the suspension period she was present in her office, continued to meet with clients, and did not remove either her office sign or her listing in the building directory; (c) that Shoureas admitted that during the suspension period she maintained contact with clients; (d) that Shoureas testified that she committed the above actions only because she was unaware that she had been suspended because she had not opened her mail due to the fact that she was suffering from chronic depression; and (e) that Shoureas rebutted all remaining allegations. Our review of the record shows that these findings are supported by competent, substantial evidence: the matters were addressed at length in the pleadings and testimony below.
After making the above findings, the referee found that, due to Shoureas's mental health issues, there was "[no] willful contempt" on her part to violate the suspension order. The referee recommended that she be found not guilty of committing any willful acts of contempt with respect to the suspension order. Our review of the record shows that this finding and recommendation are supported by competent, substantial evidence. As we have noted, Shoureas's history of chronic depression during this period is well documented. At the final hearing below, Shoureas testified that the reason she failed to notify her clients of the suspension order and continued to meet with those clients was because she did not know she was suspended; she did not know she was suspended because she did not open any of her mail, including her mail from the Bar, during this period; the reason she did not open her mail was because she was suffering from depression; and after she did open her mail (at her attorney's office), she undertook to comply with the suspension order and she sought medical help.
Shoureas's testimony is supported by the testimony of other witnesses. For instance, Shoureas's psychologist, Dr. Ryan, a clinical psychologist and consultant for Florida Lawyers Assistance, testified:
Q. Is it your diagnosis that she was depressed when she first came to see you?
A. Oh, yes, markedly so.
. . . .
Q. Do people that are depressed, do they sometimes not look at their mail?
A. Oh yes. That's a very common thing. It's a feeling of like they don't have the energy. They don't have the energy to deal with all of that.
The world becomes somewhat overwhelming.
Judith Rushlow, assistant director of Florida Lawyers Assistance, afforded insight when she testified:
Q. To your knowledge, what issues are being treated currently for Ms. Shoureas?
A. Primarily depression. That was her presenting problem. She even admitted to having some suicidal ideation when I first spoke to her. Some of it is, perhaps, situational.
The testimony of Dr. Ryan and Ms. Rushlow is uncontroverted. We conclude that the referee's finding of "[no] willful contempt" and his recommendation of "not guilty" are supported by competent substantial evidence in the record. We approve this finding and recommendation.
Ordinarily, disbarment is the appropriate sanction for a lawyer who practices *563 law while suspended or disbarred or after being allowed to resign.[4] In the present case, however, upon consideration of specific facts here and in light of the referee's factual finding of "[n]o willful contempt" and his recommendation of "not guilty," we conclude that Shoureas's conduct does not rise to a level of actionable contempt under the rules. Accordingly, disbarment or any other sanction would be improper here.[5] Based on the referee's finding of "[n]o willful contempt" and his recommendation of "not guilty," we approve the referee's recommendation that no disciplinary measures be imposed in Case No. SC03-1333.

CONCLUSION
In Case No. SC03-1194, we approve the referee's factual findings and recommendation that Shoureas be found guilty of violating rule 4-1.1 (a lawyer shall provide competent representation); rule 4-1.3 (a lawyer shall act with reasonable diligence and promptness); rule 4-1.4(a) (a lawyer shall keep a client reasonably informed and comply with reasonable requests for information); rule 4-1.4(b) (a lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions); rule 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); and rule 4-8.4(g) (a lawyer shall not fail to respond to any official inquiry by Bar counsel or a disciplinary agency). We decline to approve the recommendation that Shoureas be found guilty of violating rule 4-1.5(a) (prohibiting the collection of an excessive fee).
Also in Case No. SC03-1194, we approve the recommended three-year suspension. In light of the nature of Shoureas's violations, we conclude that the suspension should commence, nunc pro tunc, November 29, 2004, which is the date the referee *564 issued the present report. We approve the remainder of the recommended discipline: (a) Shoureas shall pay $100 to Ms. Jager within sixty days after issuance of this opinion; (b) throughout the period of her suspension, Shoureas shall continue her treatment and counseling with Dr. Ryan and Florida Lawyers Assistance, Inc.; (c) the appropriateness of any probationary terms upon reinstatement shall be addressed at the reinstatement proceeding; and (d) costs in Case No. SC03-1194 shall be assessed against Shoureas. Because Shoureas is currently suspended pursuant to an earlier disciplinary order, there is no need for a close out provision to protect the interests of existing clients. Accordingly, the present suspension continues. Judgment for costs in the amount of $3,338.60 is entered against Marjorie Hollman Shoureas and in favor of The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for which sum let execution issue.
As for Case No. SC03-1333, we approve the referee's factual findings and recommendation that Shoureas be found not guilty of committing any willful acts of contempt with respect to the prior suspension order. We approve the referee's recommendation that no disciplinary measures be imposed in Case No. SC03-1333. We also approve the referee's recommendation that each party shall pay its own fees and costs in Case No. SC03-1333.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] The only case cited by the Bar to support disbarment, Florida Bar v. Bartlett, 509 So.2d 287 (Fla.1987), is distinguishable. There, the lawyer agreed to accept representation and accepted a fee and then took no further action in the case. The lawyer had a history of prior discipline: he had been disciplined for neglecting a client matter and he had been disciplined for technical trust account violations. Bartlett differs from the present case in several key respects. First, the referee there recommended disbarment, whereas the referee here recommends suspension. Second, in Bartlett there was no mitigation, whereas here there is substantial mental health mitigation. And third, the lawyer there did not participate in the disciplinary proceeding at any level, including the Supreme Court level. In the present case, Shoureas participated in the proceeding both at the final hearing level and at the Supreme Court level.
[2] On the following counts, the referee made no conclusive findings; he simply set forth the allegations and then stated that Shoureas presented testimony in rebuttal: Count II (opposing counsel in one of Shoureas's own cases testified that during the suspension period she contacted Shoureas and that Shoureas did not tell her that she was suspended; Shoureas rebutted this); Count III (opposing counsel in one of Shoureas's own cases testified that during the suspension period someone in Shoureas's office agreed to an extension of time in the case; Shoureas rebutted this); Count X (alleging that during the suspension period client Curtis paid Shoureas to represent her; Shoureas rebutted this); Count XI (client Riggio testified that during the suspension period he hired Shoureas to represent him, met with her in her office, and paid her; Shoureas rebutted this); Count XII (alleging that during the suspension period client Kamin met with Shoureas and paid her to represent her; Shoureas rebutted this).
[3] See also Fla. Bar v. Pipkins, 708 So.2d 953 (Fla.1998) (applying traditional standard of review to referee's findings and recommendations in a contempt case); Fla. Bar v. McAtee, 674 So.2d 734 (Fla.1996) (same).
[4] See, e.g., Fla. Bar v. Weisser, 721 So.2d 1142 (Fla.1998); Fla. Bar v. Neely, 675 So.2d 592 (Fla.1996); Fla. Bar v. Brown, 635 So.2d 13 (Fla.1994); Fla. Bar v. Greene, 589 So.2d 281 (Fla.1991); Fla. Bar v. Bauman, 558 So.2d 994 (Fla.1990); Fla. Bar v. Winter, 549 So.2d 188 (Fla.1989).
[5] The cases cited by the Bar to support disbarment are all distinguishable. See Fla. Bar v. Rood, 678 So.2d 1277, 1278 (Fla.1996) (disbarring lawyer who violated both a two-year suspension order and an additional-year suspension order by continuing "to practice law by meeting with and advising clients, and maintaining his trust account, and using personal and non-lawyer business accounts to receive and disburse client funds"); Fla. Bar v. McAtee, 674 So.2d 734 (Fla.1996) (disbarring lawyer for committing numerous ethical violations in seven bankruptcy cases resulting in client injury and for violating a subsequent suspension order in a different case by representing clients before the Social Security Administration; lawyer had three prior disciplinary violations); Fla. Bar v. Greene, 589 So.2d 281, 283 (Fla.1991) (disbarring lawyer for violating suspension order and noting lawyer's "past disciplinary violations, his refusal to adhere to lesser forms of discipline, and his failure to participate in this case"; lawyer had extensive list of prior violations); Fla. Bar v. Jones, 571 So.2d 426, 426 (Fla.1990) (disbarring lawyer for violating suspension order where lawyer "did not make a good faith effort to comply with the suspension order" and "knowingly made untrue representations to the court with respect to his efforts to comply" and where lawyer did not participate in the proceedings at the Supreme Court level); Fla. Bar v. Bauman, 558 So.2d 994, 994 (Fla.1990) (disbarring lawyer for violating suspension order where lawyer "engaged in at least five distinct acts of practicing law . . . [and on] one of these occasions he was held in contempt by a circuit judge for holding himself out as an attorney [and then] subsequent to the contempt citation he again represented clients in court"); Fla. Bar v. Winter, 549 So.2d 188 (Fla.1989) (disbarring lawyer for practicing law after he permanently resigned from the Bar). The above cases all are distinguishable from the present case in that none of the cases involved significant mitigation. Specifically, none of the cases involved mental health mitigation of the order found in the present case.