PER CURIAM.
 

 We have for review the referee’s report and recommendations pertaining to the misconduct of Ann Bitterman while under a rehabilitative suspension. The Bar seeks review of the referee’s recommended discipline. We have jurisdiction.
 
 See
 
 art. V, § 15, Fla. Const. As explained below, we approve the referee’s findings of fact and recommendation of guilt, but disapprove the recommended sanction and disbar Ann Bitterman and tax her with costs.
 

 
 *687
 

 Facts
 

 On September 23, 2004, as a result of her inappropriate behavior in dealing with an unrepresented person and conduct involving dishonesty, the Court suspended Bitterman for a period of ninety-one days and imposed probation, effective immediately, for three years, in case number SC03-1370.
 
 Fla. Bar v. Bitterman,
 
 885 So.2d 388 (Fla.2004) (table). At no time after the expiration of the ninety-one-day period did Bitterman seek reinstatement as required by Rule Regulating the Florida Bar 3-7.10.
 

 Subsequently, on June 11, 2007, pursuant to Rule Regulating the Florida Bar 3-7.11(f) (contempt), The Florida Bar filed a petition for contempt and order to show cause against Bitterman. The Court issued an order to show cause, and a referee was appointed after responses were filed. The final hearing was conducted and concluded on December 3, 2008.
 

 The referee’s report contains the following findings of fact.
 

 On May 20, 2006, Bitterman went to the Miami-Dade County Women’s Detention Center and presented her Florida Bar card as identification in order to gain immediate access in a private room to visit a friend, incarcerated at the time, in accordance with the privileges reserved for attorneys visiting clients or witnesses in jail. While at the jail that day, Bitterman tried to persuade her friend to sign a lease granting Bitterman an interest in an automobile that Bitterman had given to the friend. The friend became very upset and refused to sign the lease. Bitterman left the jail and went to Diaz Towing, where she represented herself as counsel for the vehicle’s owner, again using her Florida Bar card, in order that the vehicle would be released to her. In order for the friend to regain possession of the vehicle, a re-plevin action had to be filed against Bitter-man. The referee specifically found that the above-described actions constituted contemptuous conduct by a suspended attorney, in that she twice held herself out to be a member in good standing of The Florida Bar for her own benefit.
 

 In considering the appropriate sanction to recommend, the referee found the following aggravating factors: (1) prior disciplinary offenses; (2) dishonest or selfish motive; (3) a pattern of misconduct; (4) refusal to acknowledge wrongful nature of conduct; and (5) vulnerability of victim. The referee found the following mitigating factors: (1) personal or emotional problems; (2) physical or mental disability or impairment; and (3) interim rehabilitation.
 

 The referee recommended a thirty-day suspension from the practice of law and, upon reinstatement, that Bitterman be placed on probation for a period of three years subject to specific conditions. Further, the referee recommended that the Bar recover costs in the amount of $3,211.47. The Florida Bar seeks review of the recommended discipline, arguing that existing case law does not support the referee’s recommendation and that disbarment is warranted.
 

 Analysis
 

 This Court’s standard of review in a contempt case is the same as that applicable to attorney disciplinary cases in general.
 
 Fla. Bar v. Shoureas,
 
 913 So.2d 554, 561 (Fla.2005). In reviewing a referee’s recommended discipline, the Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction.
 
 See Fla. Bar v. Ticktin,
 
 14 So.3d 928, 939 (Fla.2009);
 
 Fla. Bar v. Anderson,
 
 538 So.2d 852, 854 (Fla.1989);
 
 see also
 
 art. V, § 15, Fla. Const. However, the Court will generally not second-guess the referee’s
 
 *688
 
 recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions.
 
 See Fla. Bar v. Temmer,
 
 753 So.2d 555, 558 (Fla.1999).
 

 In this case, the only evidence presented at the hearing to support the referee’s findings of mitigation, particularly of interim rehabilitation, was Bitterman’s own subjective, self-interested testimony. Moreover, the referee did not expressly consider the Standards for determining the appropriate sanction to recommend, or cite existing case law to support a thirty-day suspension. Because the referee failed to engage in a considered review of the appropriate sanction under existing case law and the Standards, we reject the referee’s recommendation as to discipline and instead conclude that disbarment is the appropriate sanction.
 

 Applied to the facts found by the referee and supported by the record, Standards 5.11(f), 7.1, and 8.1 support disbarment. Under Standard 5.11(f), disbarment is the presumptively appropriate sanction, absent aggravating or mitigating factors, when “a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice.” Also absent aggravating or mitigating factors, Standard 7.1 provides for disbarment “when a lawyer intentionally engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer or another, and causes serious or potentially serious injury to a client, the public, or the legal system.” Finally, Standard 8.1 provides for disbarment when a lawyer:
 

 a. intentionally violates the terms of a prior disciplinary order and such violation causes injury to a client, the public, the legal system, or the profession; or
 

 b. has been suspended for the same or similar misconduct, and intentionally engages in further similar acts of misconduct.
 

 Bitterman violated this Court’s suspension order by holding herself out as an attorney. This Court, and thus the legal system, are injured when there is a lack of compliance with an order, and particularly a suspension order by an individual who had sworn an oath to “maintain the respect due courts of justice and judicial officers.” Bitterman’s disregard for the Court’s authority, based upon her belief that she was justified in her actions, casts doubt upon her fitness to practice law within the confines of ethical standards. Such misconduct also adds to the public’s negative perception of lawyers, thus causing injury to the legal profession. Moreover, by using her Florida Bar identification card to misrepresent her status as an attorney, both to enter the jail and obtain immediate and private access to a prisoner and to obtain the prisoner’s vehicle from the impound lot, Bitterman acted deceitfully and engaged in misrepresentation. Consequently, jail officials sustained injury, where their policy prohibiting members of the public from immediate and private access with prisoners, presumably for purposes of security, was eluded. Finally, the owner of the vehicle had to take legal action to ultimately recover the vehicle from Bitterman.
 

 Existing case law also supports disbarment. This Court has found disbarment to be proper when a suspended attorney is held in contempt for engaging in the practice of law during the period of suspension.
 
 See, e.g., Fla. Bar v. Walkden,
 
 950 So.2d 407, 411 (Fla.2007) (citing cases);
 
 Fla. Bar v. Greene,
 
 589 So.2d 281, 282-83 (Fla.1991). The fact that Bitterman did not give legal advice, make an appearance on behalf of a client, or otherwise file plead
 
 *689
 
 ings in court is not relevant to our analysis, as she held herself out to be a member in good standing of The Florida Bar and represented that she was counsel for her incarcerated Mend.
 

 “[T]his Court [also] considers prior misconduct and cumulative misconduct, and treats more severely cumulative misconduct than isolated misconduct.”
 
 Fla. Bar v. Vining,
 
 761 So.2d 1044, 1048 (Fla.2000). Bitterman has a history of misconduct that dates back to 1996. As a result of neglect of legal matters and taping telephone conversations without the other parties’ consent, Bitterman was suspended for a period of thirty days and placed on probation for a period of three years.
 
 See Fla. Bar v. Bitterman,
 
 676 So.2d 414 (Fla.1996) (table). Bitterman’s second suspension, for ninety days with a three-year probationary period, resulted from inadequate communication, incompetence, and neglect of legal matters.
 
 See Fla. Bar v. Bitterman,
 
 751 So.2d 51 (Fla.1999) (table). A public reprimand was imposed on July 5, 2001, as the result of a conflict of interest.
 
 See Fla. Bar v. Bitterman,
 
 791 So.2d 1102 (Fla. 2001) (table). The Court imposed a third suspension on September 23, 2004, as a result of Bitterman’s inappropriate behavior in dealing with an unrepresented person and conduct involving dishonesty, for a period of ninety-one days with three years’ probation.
 
 See Fla. Bar v. Bitterman,
 
 885 So.2d 388 (Fla.2004) (table). Another ninety-one day suspension and three-year probationary period was imposed against Bitterman on January 18, 2007, effective, nunc pro tunc, September 23, 2004, based upon incompetence and lack of diligence.
 
 See Fla. Bar v. Bitterman,
 
 949 So.2d 199 (Fla.2007) (table). Most recently, the Court found Bitterman in contempt of the terms of probation imposed on September 23, 2004, in Case No. SC03-1370. As a result, the Court suspended Bitterman for a period of six months.
 
 See Fla. Bar v. Bitterman,
 
 984 So.2d 520 (Fla.2008) (table). In light of the applicable Standards for Imposing Lawyer Discipline, ease law, and Bitterman’s lengthy disciplinary history, as discussed above, we conclude that the appropriate sanction in this case is disbarment.
 

 Conclusion
 

 Accordingly, we approve the referee’s findings of fact and recommendation of guilt. However, we disapprove the referee’s recommended discipline and respondent Bitterman is hereby disbarred from the practice of law. The disbarment is effective immediately. Because Bitterman has been suspended since September 23, 2004, it is not necessary to provide her with thirty days to close out her practice to protect the interests of existing clients.
 

 Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32899-2300, for recovery of costs from Ann Bitterman in the amount of $3,211.47, for which sum let execution issue.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, LABARGA, and PERRY, JJ., concur.